# Floyd *v*. Wilson.

## *Trespass to Realty.*

(Decided Feb. 9, 1911.   54 South. 528.)

*Constitutional Law; Limitation of Action; Joiner; Amend-ment.*—Where the plaintiff filed his complaint on April 6, 1907, in trespass quare clausum fregit, and on Feb. 21, 1910, added a new cause of action by amendment claiming the statutory penalty for cutting trees the cause of action introduced by amendment was bar-red by the statute of limitations prior to the enactment of section 6035, Code 1907, and such additional action could not be joined on the theory of lis pendens by virtue of said section, since to give it that effect, would render it violative of section 95, Constitution 1901.

APPEAL from Barbour Circuit Court.

Heard before Hon. MIKE SOLLIE.

Action by J. W. Floyd against J. J. Wilson in tres-pass to realty, joining statutory penalty for cutting trees. Judgment for defendant, and plaintiff appeals. Affirmed.

The original complaint in trespass quare clausum fregit was served on the defendant April 6, 1907. There was an amendment filed September 1, 1908, and another filed August 30, 1910. Count 4 seems to have been filed February 21, 1910, and is for the statutory penalty for cutting trees. To count 4 the defendant interposed the statute of limitation for one year. The cutting was alleged to have been done in July or August, 1906, and as a replication to the plea of the statute of limitation the plaintiff says that the suit was commenced on the 26th day of March, 1907, for the trespass committed by the defendant during the months of July and August, 1906, and count 4, claiming the statutory penalty for cutting trees, as therein appeared, was filed in this cause on the 21st day of February, 1910, and said count

refers to the same transaction, property, title, and charges as the original suit or original declaration. Wherefore it is said that the plea of the statue of limitations is no answer to said count 4.

A. M. McLENDON, and MERRILL & SON, for appellant. On a former hearing of this case it was decided that the original count was in trespass. The amendment is for statutory penalty.—*Higdon v. Kennemar*, 120 Ala. 193; s. c. 112 Ala. 351; *Turner Coal Co. v. Glover*, 101 Ala. 289. The demurrer to the replication should have been overruled under the law as it existed prior to the Code of 1907.—Sec. 5367, Code 1907; *Ala. T. & I. Co. v. Hall & Farley*, 152 Ala. 261. The transaction counted upon was within the lis pendens of the count originally filed. —159 Ala. 222; 149 Ala. 511; 154 Ala. 612; 146 Ala. 240.

PEACH & THOMAS, for appellee. The replication was in effect a demurrer to the plea, and the demurrer to it was properly sustained.—*Rasco v. Jefferson*, 142 Ala. 709; *Heald's case*, 154 Ala. 585. Before the adoption of the Code of 1907, trespass quare clausum fregit, and the statutory penalty for cutting trees could not be joined—*Higdon v. Kennemer*, 120 Ala. 193. To give to section 10 and section 6035, the effect of permitting the amendment to relate back after the cause of action on which it was based, had been barred by the statute of limitations, would be to render said section inoperative and void as contravening the provisions of section 95, Constitution 1901.—*Carr v. Miller*, 161 Ala. 658; *Poull v. Foy-Hays Const. Co.* 159 Ala. 453.

ANDERSON, J.—Upon the former appeal in this case (163 Ala. 283, 50 South. 122), we held, and properly so, that the original complaint was trespass quare

clausum fregit. The amended complaint, count 4, is for the statutory penalty for cutting trees, and prior to the Code of 1907 these counts could not be joined.—*Higdon v. Kennemer,* 120 Ala. 193, 24 South. 439. While the right to amend, even prior to the present Code, was sanctioned with a spirit of liberality, it was never held that amendments amounting to a misjonder, under existing laws, were permissible whether relating to the same subject-matter or not. The present Code authorizes the joinder of the statutory penalty for cutting trees with actions for trespass.—Code 1907, § 6035. And section 10 authorizes the amendment in pending causes.—*Western R. R. Co. v. Hart,* 160 Ala. 599, 49 South. 371. But said section expressly provides that the Code shall not affect any existing defense.—*Carr v. Miller,* 161 Ala. 658, 49 South. 802; *Poull v. Foy-Hays Co.* 159 Ala. 453, 48 South. 785. It is true that the statute of limitations may not be, strictly speaking, a vested right, and the Legislature would no doubt have the right to extend, curtail, or strike down same.— *Scales v. Otts,* 127 Ala. 582, 29 South. 63. This right, however, can only be exercised so as to apply to cases where the bar was not complete before the enactment of the statute, for, if the action was already barred when the statute was enacted, its effect would be to revive a cause of action already barred and would violate section 95 of the Constitution of 1901, which, among other things, says: "And the Legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this state. After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, or destroy any existing defense to the suit." The original suit was brought over a year before the Code of 1907 went into effect,

and count 4 was then barred, and the Code, which subsequently authorized the joinder, did not have the effect of making the amendment relate back so as to revive the action for the statutory penalty, or wipe out a complete bar to same, upon the theory of lis pendens.  Before the Code of 1907, the counts could not be joined, and the doctrine of lis pendens could not then apply, and whether it could now or not, as to causes of action arising subsequent to the Code, it could not apply to the present case, as the defendant had a complete defense to the fourth count when the Code became effective, and which is expressly preserved by section 95 of the Constitution.

The trial court did not err in sustaining the demurrer to plaintiff's replication to the plea of the statute of limitations to the fourth count, and the judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.