[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 265 
This is a consolidated appeal by plaintiff asbestos workers, from an order entered in favor of the defendant manufacturers of asbestos products allegedly causing asbestosis injury to the plaintiffs, which held Act No. 80-566, Acts of Alabama 1980, to be inapplicable to these cases and unconstitutional. We reverse the judgment appealed from and remand the several cases for reconsideration in light of this opinion.
The plaintiffs are or have been asbestos insulation workers with the exception of one plaintiff, who was a mason and used asbestos cement in constructing coke ovens. The plaintiffs filed suit on separate dates from November, 1977, to October, 1978. The cases were consolidated for appeal. The plaintiffs sought recovery under the Alabama Extended Manufacturer's Liability Doctrine and for defendants' alleged wantonness and negligence.
Defendants moved for summary judgment, which motions were granted to several defendants on the grounds that the actions were barred by the one-year statute of limitations in § 6-2-39, Code of Alabama 1975, as the plaintiffs had failed to prove exposure to defendants' products within the year preceding the suit. On October 5, 1979, the court entered final summary judgment on these grounds as to the claims of some of the plaintiffs in favor of some of the defendants.
These plaintiffs appealed the final judgments in March, 1980. On May 19, 1980, Act No. 80-566, Acts of Alabama 1980, became effective.[1] The Act amended § 6-2-30, *Page 267 
Alabama Code 1975, stating that a "civil action for any injury to the person or rights of another resulting from exposure to asbestos, including asbestos-containing products, shall be deemed to accrue on the first date the injured party, through reasonable diligence, should have reason to discover the injury giving rise to such civil action" and that the provisions of the Act "shall apply retroactively to all pending causes of action."
We remanded the cases to the circuit court "to make a determination as to the applicability, if any, of this Act to each case and also as to the constitutionality of the Act." The circuit court ruled that:
 Act No. 80-566 is not applicable to these cases and is unconstitutional for the following reasons:
 (1) The legislature has expressly exempted these sixteen actions from the retroactive reach of Act No. 80-566 which applies only to causes of action.
 (2) Application of a statute of limitations which would revive actions already barred is constitutionally impermissible under the Constitution of Alabama of 1901, Sec. 95.
 (3) Act No. 80-566 violates the Constitution of Alabama of 1901, Sec. 45 because the retroactive feature of the Act is not expressed in the title of the Act.
 (4) Since it relates only to asbestos exposure, Act No. 80-566 is void in that it violates the equal protection guarantees of both the Alabama and the federal constitutions, as well as Sec. 105 of the Alabama Constitution.
The plaintiffs appealed the circuit court ruling, stating that the court erred in holding Act No. 80-566 to be inapplicable and unconstitutional.
We remand all these claims to the trial court for reconsideration in the light of this opinion. If certain plaintiffs did not refute or take issue with defendants' proof on summary judgment by raising a genuine issue as to plaintiffs' exposure, then summary judgment is appropriate. Even if there is a factual question as to a plaintiff's exposure, if, before the effective date of Act No. 80-566, one year had elapsed between the date of plaintiff's exposure and the date on which plaintiff's action was commenced, then that claim is nevertheless barred by the statute of limitations.
 Constitutionality of the Act
We now turn to the constitutionality of Act No. 80-566. We hold that the Act is constitutional under §§ 45, 105, and the equal protection guarantees of the Alabama Constitution of 1901 and the Federal Constitution, and reverse the court's ruling on those issues. However, we hold the Act unconstitutional under § 95 of the Alabama Constitution, as applied to actions which were time barred by the statute of limitations at the time Act No. 80-566 was passed. *Page 268 
A. Constitutionality under § 95 of the Alabama Constitution.
Section 95 of the Alabama Constitution of 1901 states in pertinent part that "the legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this state. After suit has been commenced on any cause of action, the legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit."
Until May 19, 1980, § 6-2-30 of the Alabama Code of 1975, andGarrett v. Raytheon, 368 So.2d 516 (Ala. 1979), dictated the limitations period and date of accrual of causes of actions for injury due to radiation and other insidious agents.
Under §§ 6-2-30 and 6-2-39 of the Alabama Code of 1975, all actions for injury to the person not arising from contract must be commenced within one year after the cause of action has accrued. In Garrett v. Raytheon, supra, the Court held that a cause of action for radiation injury accrued and "the statute of limitations of one year began to run when plaintiff was last exposed to radiation and plaintiff's ignorance of the tort or injury, there being no fraudulent concealment, does not postpone the running of the statute until the tort or injury is discovered." 368 So.2d at 521. Asbestos injury, like radiation injury, results from a latent, insidious agent and, prior to the passage of Act No. 80-566 and Act No. 79-468, Alabama Acts of 1979,[2] following Raytheon, a claim based on asbestos injury would have accrued on the last date of plaintiff's exposure to defendant's product.
It is true that the legislature has the inherent power to determine the period within which an action may be brought, provided that the time fixed is reasonable. Sellers v. Edwards,289 Ala. 2, 265 So.2d 438 (1972); Plant v. Reid, Inc., 294 Ala. 155, 313 So.2d 518 (1975). It also has the power to retroactively alter, extend, or curtail an existing limitations period. However, this power "can only be exercised so as to apply . . . where the bar was not complete before the enactment of the statute, for, if the action was . . . barred [before enactment], its effect would be to revive a cause of action already barred and would violate § 95. . . ." Floyd v. Wilson,171 Ala. 139, 141, 54 So. 528 (1911); see, Martin v. Martin,35 Ala. 560 (1860). Such a statute may be made applicable to "an existing cause of action not then barred, provided it is clear *Page 269 
that it was intended to be retroactive. . . ." Cronheim v.Loveman, 225 Ala. 199, 201, 142 So. 550 (1932). [Emphasis added.] However, the Act cannot be permitted to apply retroactively to claims, such as the ones at hand, which had not been brought within one year of the date of last exposure and which, therefore, had been barred under the statute of limitations in existence at the time the action was commenced, because such application would revive a time-barred remedy in contravention of § 95.
This is not the first time that the Court has considered the question of which of two successive statutes of limitations should be applied. We have held that the statute in effect at the time of commencement of action should apply rather than that in effect at the time the cause of action arose. U.S.Veterans Administration v. Walker, 356 So.2d 631 (Ala. 1978);Street v. City of Anniston, 381 So.2d 26 (Ala. 1980). However, in those cases, the later statute had been enacted before the action was time barred by the previous statute.
Such, however, is not the case here. Here, the bar was complete, the plaintiffs remedies had been time barred and, therefore, Act No. 80-566 is unconstitutional under § 95, insofar as it is applied to their claims.
We also hold that, as applied to these time-barred claims, Act No. 80-566 offends the "existing defense" provisions of § 95. We have held that this provision applies "only to matters of substance and not to matters of form or to statutes which are remedial in nature;" that "`no person has a vested right in a particular remedy . . . or in particular modes of procedure'," State Board of Optometry v. Lee Optical Company ofAlabama, 284 Ala. 562, 565-566, 226 So.2d 623 (1969); and that a statute of limitations is a remedial statute that does not destroy any vested rights, Barrington v. Barrington, 200 Ala. 315,76 So. 81 (1917). However, we have not heretofore addressed the question of whether the running of a statute of limitations creates a vested right in that defense. The weight of American authority holds that the bar does create a vested right in the defense.
 Although there is some authority to the contrary with regard to actions which do not involve or affect title to property, the great preponderance of authority favors the view that one who has become released from a demand by the operation of the statute of limitations is protected against its revival by a change in the limitation law. According to this view, after a cause of action has become barred by the statute of limitations the defendant has a vested right to rely on that statute as a defense, the defense in such case being considered a vested right or property which cannot be taken away by legislation. . . . Especially is such legislation invalid if the removal of a completed statutory bar is prohibited by the state constitution.
51 Am.Jur.2d Limitation of Actions § 44 (1970) (footnotes omitted, emphasis added). See also, Dobson v. Quinn FreightLines, 415 A.2d 814 (Me. 1980); Hockman, "The Supreme Court and the Constitutionality of Retroactive Legislation," 73 Harv.L.Rev. 692, 696 (1960); Smith, "Retroactive Laws and Vested Rights," 5 Texas L.Rev. 231, 242-244, 248 (1927).
In the closely related area of ex post facto legislation, cases and authorities are "in agreement that if the statutory period of the statute has fully run and the bar has once attached so that the defendant could not be prosecuted under the existing statute, the law cannot be changed by future legislation so as to extend the period of limitation as to past offenses, already barred. Such a law would violate the ex post facto clause." Black, "Statutes of Limitation and the Ex Post Facto Clauses," 26 Kentucky Law Journal 41, 42 (1937); Moore v.State, 43 N.J.L. 203 (1881); Falter v. United States,23 F.2d 420 (1928).
Although this area of the law is concerned with criminal matters, it is analogous to the cases before us. Our own case law recognizes this similarity. In Henry v. Thorpe, 14 Ala. 103, we stated that "statutes *Page 270 
of limitation, it has often been held, do not enter into the contracts of parties, or affect their rights, until the presumption is complete." Id., 14 Ala. 103, 112 (1848). Once an action is barred by a statute of limitations in existence at the time of commencement of the action, rights vest in the limitations defense which cannot be destroyed by subsequent legislative act because § 95 of the Constitution restricts the legislative power to do so.
We thus hold that Act No. 80-566 is violative of both provisions of § 95 as it is applied to these ten cases or to others which were time barred prior to the enactment of the Act.
B. Constitutionality under § 45 of the Alabama Constitution.
We now turn to the circuit court's holding that Act No. 80-566 is unconstitutional as violative of § 45 of the Alabama Constitution of 1901, which provides in part that "each law shall contain but one subject which shall be clearly expressed in its title. . . ." We disagree with this holding.
Act No. 80-566 has only one subject and is entitled "[a]n Act to amend Section 6-2-30 of the Code of Alabama, 1975, which relates to the commencement of civil actions, so as to specify the date on which a civil action for injury to the person or rights of another resulting from exposure to asbestos shall first be deemed to accrue." There is no statement in the title that the law is retroactively applicable to pending causes of action. Defendants contend that this omission violates § 45.
The general rules with respect to the "clear expression" requirements of § 45 are:
 "[W]hen the title is so misleading and uncertain that the average legislator or person reading the same would not be informed of the purpose of the enactment, it is insufficient." Pillans v. Hancock, 203 Ala. 570, 84 So. 757, 759 (1919).
 "`The title must be such, at least, as fairly to support or give a clue to the subject dealt with in the act, and unless it comes up to this standard, it falls below the constitutional requirements.'" Clutts v. Jefferson County Board of Zoning Adjustment, 282 Ala. 204, 210, 210 So.2d 679, 684
(1968). . . .
Opinion of the Justices, 294 Ala. 555, 319 So.2d 682 (1975).
We hold that the Act's title is not misleading and that legislators and citizens would be sufficiently informed of the purpose and contents of the Act, including its possible retroactive scope.
C. Constitutionality under § 105 of the Alabama Constitution and Equal Protection Guarantees of the Alabama and Federal Constitutions.
We now turn to the lower court's holding that, as Act No. 80-566 relates only to asbestos exposure, it violates § 105 of the Alabama Constitution of 1901, as well as equal protection guarantees of the Alabama and Federal Constitutions. Both assertions are premised on the fact that the Act relates only to asbestos exposure. The defendants assert that as § 6-5-502, Alabama Code of 1975, supra, footnote 2, provides for a discovery rule in cases of injury resulting from "exposure to some toxic or harmful or injury-producing substance, element or particle, including radiation," § 6-5-502 (b)(ii), it is a general law which provides for asbestos injury and bars passage of Act No. 80-566 as a special law. Defendants also assert that Act No. 80-566 arbitrarily and unequally discriminates against these defendants as manufacturers or dealers of asbestos-containing products in that it subjects them to a retroactive discovery rule.
We will first consider whether the Act is constitutional under § 105 of the Alabama Constitution of 1901. Section 105 states that "[n]o special, private or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law. . . ." A general law is a "law which applies to the whole state," and a special or private law "is one which applies to an individual, association or corporation." Alabama Constitution of 1901, § 110. *Page 271 
"[I]t is the duty of the court to uphold a law when it is fairly susceptible of two interpretations, one of which maintains its constitutionality and the other strikes it down, though the adoption of the former be the less natural. . . ."State ex rel. Montgomery v. Merrill, 218 Ala. 149, 117 So. 473
(1928). It is our duty to construe an act as a general one when it is so worded and framed as to be reasonably susceptible to interpretation as such, in order to save its constitutionality.Brittain v. Weatherly, 281 Ala. 683, 207 So.2d 667 (1968);Young v. State, 283 Ala. 676, 220 So.2d 843 (1969). Act No. 80-566 clearly applies to the whole state. There is no provision reserving it to asbestos workers from a particular family, construction company, union, city, or county. On the contrary, the legislature expressly intended it to apply to "any" and "all Alabama citizens suffering the effects of" asbestos exposure, Act No. 80-566, § 1. Regardless of whether the Products Liability Act, Act No. 79-468, Alabama Acts of 1979, is construed as a general law, Act No. 80-566 is itself a general, not a special, law and, thus, is constitutional under § 105.
Nor do we find Act No. 80-566 to be unconstitutional under the Fourteenth Amendment of the Federal Constitution or under the equal protection guarantees of the Alabama Constitution of 1901, §§ 1, 6, and 22, Peddy v. Montgomery, 345 So.2d 631 (Ala. 1977). As a prefatory note, it is important to state that we cannot find the Act invalid "because [we] think there are elements therein which are violative of natural justice, . . . harsh or in some degree unfair . . . or . . . of doubtful propriety. All of these questions of propriety, wisdom, necessity, utility, and expedience are held exclusively for the legislative bodies. . . . [T]he only question for the court to decide is one of power, not of expediency or wisdom." AlabamaState Federation of Labor v. McAdory, 246 Ala. 1, 9,18 So.2d 810 (1944); Ferguson v. Skrupa, 372 U.S. 726, 729,83 S.Ct. 1028, 1030, 10 L.Ed.2d 93 (1963). Whether in fact the Act will efficaciously or wisely accomplish the purposes of the Act is not the question; the equal protection clause is satisfied by our conclusion that the legislature could rationally havedecided that it would do so. Minnesota v. Clover Leaf CreameryCo., ___ U.S. ___, 101 S.Ct. 715, 725, 66 L.Ed.2d 659 (1981).
 [The legislature is] not required to convince the courts of the correctness of [its] legislative judgments. Rather "those challenging the legislative judgment must convince the court that the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decisionmaker." Vance v. Bradley, 440 U.S. 93, 111 [99 S.Ct. 939, 950, 59 L.Ed.2d 171] (1979). See also Day-Brite Lighting, Inc. v. Missouri, 342 U.S. 421, 425 [72 S.Ct. 405, 408, 96 L.Ed. 469] (1952); Henderson Co. v. Thompson, 300 U.S. 258, 264-265 [57 S.Ct. 447, 450, 81 L.Ed. 632] (1937).
 Although parties challenging legislation under the Equal Protection Clause may introduce evidence supporting their claim that it is irrational, United States v. Carolene Products Co., 304 U.S. 144, 153-154 [58 S.Ct. 778, 784, 82 L.Ed. 1234] (1938), they cannot prevail so long as "it is evident from all the considerations presented to [the legislature], and those of which we may take judicial notice, that the question is at least debatable." Id., at 154 [58 S.Ct. at 784]. Where there was evidence before the legislature reasonably supporting the classification, litigants may not procure invalidation of the legislation merely by tendering evidence in court that the legislature was mistaken. . . .
. . . .
 . . . [I]t is not the function of the courts to substitute their evaluation of legislative facts for that of the legislature.
Minnesota v. Clover Leaf Creamery Co., supra, 101 S.Ct. at 724
and 727.
The defendants assert that the Act unreasonably discriminates against manufacturers and sellers of asbestos products by singling them out as a class. However, the Fourteenth Amendment does not deny to *Page 272 
the states the power to treat different classes of persons in different ways. The classification must not be unrelated to the objective of the statute and "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." Royster Guano Co. v. Virginia, 253 U.S. 412,415, 40 S.Ct. 560, 561, 64 L.Ed. 989 (1920).
 Classification is an inherent power of the Legislature but it must not be arbitrary or unreasonable. In order to justify interference by the courts with the wide discretion which the Legislature has in such matters, it should appear that the interests of those generally affected by the act, as distinguished from those of a particular class, require such interference. In Re: Opinion of the Justices, 252 Ala. 559, 561, 42 So.2d 56 (1949).
Sellers v. Edwards, 289 Ala. 2, 6, 265 So.2d 438, 439 (1972).
A statutory discrimination between classes is held to be relevant to a permissible legislative purpose if any state of facts reasonably may be conceived to justify it. McGowan v.Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961);State v. Pure Oil Company, 256 Ala. 534, 55 So.2d 843 (1951).
The health, safety, and the provision of a remedy for Alabama citizens who are exposed to asbestos and thereby suffer injury are legitimate and reasonable objectives of the legislature. The classifications specified in the Act are Alabama citizens "suffering the effects of any long-term disease process . . . caused by exposure to asbestos" and "a third party tortfeasor . . . proximately caus[ing]" the damages, Act No. 80-566, § 1. These classifications bear a "fair and substantial relation" to the above legislative objectives.
Although Act No. 80-566 does benefit persons injured by exposure to asbestos as opposed to those injured by other latent and insidious agents, the legislature's approach is supportable under precedent. The Supreme Court has made it clear that the legislature need not "strike at all evils at the same time or in the same way," Minnesota v. Clover LeafCreamery Co., supra, 101 S.Ct. at 725, citing Semler v. OregonState Board of Dental Examiners, 294 U.S. 608, 610,55 S.Ct. 570, 571, 79 L.Ed. 1086 (1935). It is legitimate for the legislature to proceed "one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind." Williamson v. Lee Optical, 348 U.S. 483,75 S.Ct. 461, 99 L.Ed. 563 (1955); Minnesota v. Clover LeafCreamery Co., supra, 101 S.Ct. at 725; New Orleans v. Dukes,427 U.S. 297, 303, 96 S.Ct. 2513, 2516, 49 L.Ed.2d 511 (1976). See, also, Katzenbach v. Morgan, 384 U.S. 641, 657,86 S.Ct. 1717, 1727, 16 L.Ed.2d 828 (1966); Railway Express Agency v.New York, 336 U.S. 106, 110, 69 S.Ct. 463, 465, 93 L.Ed. 533
(1949). As the solution of the instant problem is a legitimate legislative objective and the classification used to achieve that objective is a reasonable one, the legislature here is not exceeding its constitutional prerogative in addressing asbestos injury alone in Act No. 80-566.
We uphold the constitutionality of Act No. 80-566 insofar as it establishes a discovery rule for the accrual of asbestos injury actions in Alabama and allows one year after discovery for the commencement of actions. We hold, however, that § 95 prevents its application to claims time barred under § 6-2-30, Alabama Code of 1975, and Garrett v. Raytheon, supra, at the time of passage of Act No. 80-566. We reverse and remand these cases for reconsideration in light of this opinion.
REVERSED AND REMANDED.
All the Justices concur.
[1] Act No. 80-566, Acts of Alabama 1980, is entitled:
 [An Act] [t]o amend Section 6-2-30 of the Code of Alabama, 1975, which relates to the commencement of civil actions, so as to specify the date on which a civil action for injury to the person or rights of another resulting from exposure to asbestos shall first be deemed to accrue.
The Act states in full as follows:
Be It Enacted by the Legislature of Alabama:
 Section 1. Legislative Intent. The purpose of this amendment is to assure that the statute of limitations for injuries or deaths caused by exposure to asbestos, including asbestos-containing products, does not run on any Alabama citizen before that citizen has at least the opportunity to discover that cause of action.
 It is the intent of the Legislature that all Alabama citizens suffering the effects of any long-term disease process covered by this Bill should not be prevented by any statute of limitations from recovering the full measure of damages proximately caused by a third party tortfeasor which are allowable under any civil theory of liability, provided action is brought within the statutory period of limitation from the date of accrual.
 Section 2. Section 6-2-30 of the Code of Alabama 1975, is hereby amended to read as follows:
 "§ 6-2-30. All civil actions must be commenced after the cause of action has accrued within the period prescribed in this article and not afterwards, unless otherwise specifically provided for in this Code.
 "A civil action for any injury to the person or rights of another resulting from exposure to asbestos, including asbestos-containing products, shall be deemed to accrue on the first date the injured party, through reasonable diligence, should have reason to discover the injury giving rise to such civil action. This Act shall not apply to or affect in any way, actions referred to in Section 6-5-482 of the Code of Alabama 1975."
 Section 3. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law, and shall apply retroactively to all pending causes of action. Laws or parts of laws inconsistent with this Act are repealed.
[2] Act No. 79-468, Acts of Alabama 1979, added § 6-5-500, et seq., to the Alabama Code of 1975, and established "a comprehensive system consisting of the time for commencement of actions, for discoverability of actions based on insidious disease and the repose of actions" for products liability actions. Section 6-5-502 provides limitation periods for products liability actions and states in part:
 (b) Where the personal injury, including personal injury resulting in death, or property damage (i) either is latent or by its nature is not discoverable in the exercise of reasonable diligence at the time of its occurrence, and (ii) is the result of ingestion of or exposure to some toxic or harmful or injury-producing substance, element or particle, including radiation, over a period of time as opposed to resulting from a sudden and fortuitous trauma, then, in that event, the product liability action claiming damages for such personal injury, or property damage must be commenced within one year from the date such personal injury or property damage is or in the exercise of reasonable diligence should have been discovered by the plaintiff or the plaintiff's decedent, and in such cases, each of the elements of the product liability action shall be deemed to accrue at the time the personal injury is or in the exercise of reasonable diligence should have been discovered by the plaintiff or the plaintiff's decedent; and
 (c) Notwithstanding the provisions of subsections (a) and (b) of this section, a product liability action against an original seller must be brought within 10 years after the manufactured product is first put to use by any person or business entity who did not acquire the manufactured product for either resale or other distribution in its unused condition or for incorporation as a component part in a manufactured product which is to be sold or otherwise distributed in its unused condition.
Section 6-5-502 applied only to actions wherein each element accrued after the effective date of the section (July 30, 1979) and expressly does not have retroactive application, § 6-5-503. Therefore, this statute has no application in these cases, and its constitutional validity is not before us. *Page 273