Charles RIDLING, et al.

v.

ARMSTRONG WORLD, et al.

Helen WILLIAMS, et al.

v.

ARMSTRONG WORLD, et al.

Edna GRAVES, Individually and as Administratrix of the Estate of L.L. Graves, Deceased,

v.

ARMSTRONG WORLD, et al.

Edward YOUNG, et al.

v.

ARMSTRONG WORLD, et al.

Lauree CONAWAY, Individually and as Representative of the Estate of Louis Conaway, Deceased,

v.

OWENS–CORNING FIBERGLAS CORPORATION, et al.

Joseph MILLER, et al.

v.

ARMSTRONG WORLD, et al.

Joseph MORRIS, et al.

v.

ARMSTRONG WORLD, et al.

William DAY, et al.

v.

ARMSTRONG WORLD, et al.

Herman DICKENS, et al.

v.

ARMSTRONG WORLD, et al.

Richard YOUNG, et al.

v.

ARMSTRONG WORLD, et al.

Calvin JONES

v.

ARMSTRONG WORLD, et al.

Earl WHEELER, et al.

v.

ARMSTRONG WORLD, et al.

William HAYES, et al.

v.

ARMSTRONG WORLD, et al.

Donald MILLER, et al.

v.

ARMSTRONG WORLD, et al.

Bernys WHEELER, et al.

v.

ARMSTRONG WORLD, et al.

John SARGENT, et al.

v.

ARMSTRONG WORLD, et al.

Daniel IRVING, et al.

v.

ARMSTRONG WORLD, et al.

Robert PIERCE, et al.

v.

ARMSTRONG WORLD, et al.

C.P. McINTYRE, et al.

v.

ARMSTRONG WORLD, et al.

Lauree CONAWAY, Individually and as Representative of the Estate of Louise Conaway, Deceased,

v.

OWENS–CORNING FIBERGLAS CORPORATION, et al.

John C. PARKER, et al.

v.

ARMSTRONG WORLD, et al.

Travis BYRD, et al.

v.

ARMSTRONG WORLD, et al.

John PHILLIPS, et al.

v.

ARMSTRONG WORLD, et al.

Asbestos Litigation Transfers from Northern District of Texas Applicability of Texas Statute of Limitations.

Nos. 84–1198–X–C, 84–1432–X–C, 84–1433–X–C, 84–1480–X–C, 85–0070–X–C, 85–0352–X–C, 85–0485–X–C, 85–0419–X–C to 85–0421–X–C, 85–0442–X–C, 85–0566–X–C, 85–0567–X–C, 85–0661–X–C, 85–0666–X–C, 85–0671–X–C, 85–0748–X–C to 85–0750–X–C, 85–0754–X–C, 85–0970–X–C, 85–0997–X–C and 85–1017–X–C.

United States District Court,
S.D. Alabama, S.D.

Jan. 3, 1986.

Russell W. Budd and Sarah C. Griffin, Dallas, Tex., Stephen Flynn, Mobile, Ala., for plaintiffs.

James H. Crosby, Vincent A. Noletto, Jr., Michael S. McGlothren, C. Paul Cavender, Brown, Hudgens, Richardson, P.C., Bert S. Nettles, Reggie Copeland, Mobile, Ala., Nettles, Barker & Janecky, for Owens-Corning Fiberglas, Owens-Illinois, Inc., The Celotex Corp./Carey Canada/Carey Canadian Mines, Eagle-Picher Industries, Inc., Fibreboard Corp., H.K. Porter Co., Inc., Pittsburgh Corning Corp., Armstrong World Industries, Inc., Keene Corp., ACandS and Turner & Newall.

Michael S. Allred, Thomas L. Kirkland, Jr., Satterfield & Allred, Jackson, Miss., for ACandS.

Donald Stewart, Paul D. Myrick, Mobile, Ala., for Armstrong World Industries, Inc.

Peter V. Sintz, Mobile, Ala., for The Celotex Corp./Carey Canada/Carey Canadian Mines.

E.L. McCafferty, Mobile, Ala., Frank M. Bean, Bean & Manning, Houston, Tex., for Eagle-Picher Industries, Inc.

Steven Snyder, Brobeck, Phleger & Harrison, San Francisco, Cal., and Bibb Allen, London, Yancey & Clark, Birmingham, Ala., for Fibreboard Corp.

Grey Redditt, Jr., Mobile, Ala., for H.K. Porter Co.

Robert Hood, Robert Hood & Associates, Charleston, S.C., James B. Newman, Mobile, Ala., for Keene Corp.

James H. Crosby, Vincent A. Noletto, Jr., Michael S. McGlothren, C. Paul Cavender, Mobile, Ala., for Owens-Corning Fiberglas Corp.

Bert S. Nettles, Reggie Copeland, Mobile, Ala., for Owens-Illinois, Inc.

Mark Zeidman, Mayor, Day & Caldwell, Houston, Tex., Henry G. Garrard, III, Blasingame, Burch, Garrard & Bryant, P.C., Athens, Ga., for Pittsburgh Corning Corp.

Paul J. Hanley, Jr., Richards, O'Neil & Allejaest, New York City, for Turner & Newall.

W. Michael Atchison, Birmingham, Ala., John H. Holloman, III, Jackson, Miss., for Raymark Industries.

Robert H. Smith, Mobile, Ala., for Nicolet.

Jack W. Morgan, Mobile, Ala., William F. Goodman, III, Jackson, Miss., for GAF.

Frank G. Harmon, III, Houston, Tex., Walter M. Cook, Jr., Lyons, Pipes & Cook, Mobile, Ala., for Crown Cork & Seal.

Thomas W. Tardy, III, Jackson, Miss., Mary Elizabeth Rouse, Mobile, Ala., for Combustion Engineering.

James Johnston, Mobile, Ala., for Standard Insulations.

Wesley Pipes, Mobile, Ala., for Forty-Eight Insulations.

## ORDER

HAND, Chief Judge.

This cause is before the Court on plaintiffs' motion to apply the Texas statute of limitations in those actions transferred from the Northern District of Texas. The plaintiffs, Alabama residents, filed their suits in the Northern District of Texas seeking damages for personal injuries caused by exposure to asbestos-containing products manufactured by the various defendants. Upon motion of the defendants, these actions were transferred to the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a) which provides for transfer to another district court for the convenience of the parties and witnesses.

In support of this motion, plaintiffs rely particularly upon the landmark United States Supreme Court decision of *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) which held that when, upon a defendant's motion, a case is transferred from one federal court sitting in diversity to another pursuant to 28 U.S.C. § 1404(a), "the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue." 376 U.S. at 639. As applied to the case at bar, plaintiffs contend that the District Court for the Northern District of Texas, employing Texas conflict of law rules, would have applied the Texas statute of limitations to these actions and, therefore, this Court as the transferee court must also apply the Texas statute of limitations.

■ Plaintiffs correctly note that the District Court for the Northern District of Texas would be obligated to apply the conflicts of law principles of Texas, the state in which it sits. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Acme Circus Operating Co. v. Kuperstock*, 711 F.2d 1538 (11th Cir.1983). Plaintiffs then contend that the District Court for the Northern District of Texas, employing Texas conflicts of law rules, would have applied the Texas statute of limitations because "when confronted with a lawsuit in which the substantive law of another jurisdiction is to be applied, Texas courts will most often apply their own state's statute of limitations ... based on the theory that

the foreign jurisdiction's statute of limitations is most often part of its procedural, rather than substantive law." *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1111 (5th Cir.1981), and it has long been held by Texas courts that "matters of remedy and of procedure are governed by the laws of the state where the action is sought to be maintained," *California v. Copus*, 158 Tex. 196, 309 S.W.2d 227, 230, cert. denied, 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074 (1958); *Culpepper v. Daniel Industries, Inc.*, 500 S.W.2d 958 (Tex.Civ. App.1973).

Upon review of the extensive briefs filed by the parties relative to this motion, the Court finds that the defendants never dispute the above contentions of the plaintiffs but, rather, attack the applicability of the Texas statute of limitations on the following grounds: 1) The Alabama statute of limitations is an integral part of the Alabama substantive law on products liability and these cases, therefore, fall within the exception to the general principle enunciated in *Ellis v. Great Southwestern Corp.*, *supra*, and 2) Application of the Texas statute of limitations in these cases would violate the due process and full faith and credit clauses of the United States Constitution in view of the absence of any significant contacts between this litigation and the State of Texas.

### I. *Procedural v. Substantive Law Challenge*

■ Relative to the defendants' first ground, the exception in *Ellis* sought to be relied on by the defendants is stated as follows:

> [W]hen the foreign jurisdiction's statute "creates a right and also incorporates a limitation upon the time within which the suit is to be brought ... the limitation qualifies the right so that it becomes part of the substantive law rather than procedural, and ... unless suit is brought within the time allowed by [the foreign state's] statute no right of action can be

maintained even though the law of [Texas] provides for a longer period of limitations."

646 F.2d at 1111, quoting *California v. Copus*, 158 Tex. 196, 201, 309 S.W.2d 227, 231, cert. denied, 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074 (1958). Defendants argue that the statute of limitations provision, Ala.Code § 6–5–502 (1975), contained in Alabama's Products Liability Act, Ala. Code § 6–5–500, *et seq.* (1975), is an integral part of the substantive provisions of the Act itself and that, consequently, the Texas statute of limitations is inapplicable in the present cases.

Plaintiffs correctly point out, however, that the Alabama Supreme Court in *Lankford v. Sullivan, Long and Hagerty*, 416 S.2d 996 (Ala.1982) held § 6–5–502(c) of the Alabama Products Liability Act to be unconstitutional. Consequently, Division 1 of the Alabama Products Liability Act, including § 6–5–500, 501 and 502, were rendered void pursuant to § 6–5–504 which reads:

> It is expressly provided that each section, clause, provision or portion of this division shall be construed as inseparable and nonseverable from all others, and in the event that any section, clause, provision or portion of this division shall be held invalid or unconstitutional by any court of competent jurisdiction, the entire division and each section, clause, provision or portion thereof shall be inoperative and have no effect.

Ala.Code § 6–5–504 (1975). See also, *Daniel v. Heil Company, Inc.*, 418 S.2d 96, 97 (Ala.1982) ("Section 6–5–502, et seq., Ala. Code 1975 were declared unconstitutional by this court in *Lankford*.")

Plaintiffs also correctly point out that, in the absence of § 6–5–502, the only statutes of limitations which could apply to these asbestos personal injury actions are § 6–2–38,[1] as amended in 1984, and § 6–2–30(b), enacted in 1980. Both § 6–2–38 and § 6–2–30(b) are found within a division of the Alabama Code which deals exclusively with

---

1. Plaintiffs inadvertently referred to § 6–2–39 which was repealed effectively January 9, 1985 and replaced by amended § 6–2–38 in 1984.

limitation periods and, therefore, neither of these provisions fit within the *Ellis* exception relied on by defendants as neither are contained within a statute which "creates a right and also incorporates a limitation upon the time within which the suit is to be brought." *Ellis*, 646 F.2d at 1111. Consequently, both § 6–2–38 and § 6–2–30(b) would be deemed procedural by the Texas courts and the Texas statute of limitations would be deemed to take precedence under the reasoning of *Ellis, Copus* and *Culpepper, supra,* even though the substantive law which also governs the cases may differ.[2] This Court is obliged, therefore, to apply the Texas statute of limitations as would the District Court for the Northern District of Texas.

### II. *Constitutional Challenge*

Relative to the defendants' second ground, defendants assert the unconstitutionality of applying the statute of limitations of a state such as Texas which has no significant connection with the litigation. Defendants emphasize the often unfavorable consequences of forum shopping and specifically assert violations of the due process and full faith and credit clauses of the United States Constitution.

As the plaintiffs correctly counter, there is no authority to the effect that the full faith and credit clause limits a forum state's selection of its own statute of limitations as applicable to a foreign substantive right. In fact, the Supreme Court clearly held in *Wells v. Simonds Abrasive Co.*, 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 (1953) that "the Full Faith and Credit Clause does not compel the forum state to use the period of limitation of a foreign state." 345 U.S. at 517, 73 S.Ct. at 857.

Defendants' due process argument must also fail. The cases relied upon by defendants for the proposition that a particular state's statute of limitations can be applied constitutionally only if that state has a significant contact or significant aggregation of contacts thereby creating a state interest have been misinterpreted and/or misapplied by said defendants. For example, in *Allstate Insurance Co. v. Hague*, 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981), the Supreme Court clearly states:

> [F]or a State's *substantive law* to be selected in a constitutionally permissible manner, that state must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair.

449 U.S. at 313, 101 S.Ct. at 640 (emphasis added). The Supreme Court thus explicitly directs the due process and full faith and credit analysis only to the choice of applicable substantive law, not procedural law.[3]

---

**2.** Defendants' attempt to construe §§ 6–2–30 and 6–2–38 together with §§ 6–5–520–525 to create a substantive bar to plaintiffs' right of action is untenable as §§ 6–5–520–525 fall within Division 2 of Alabama's Product Liability Act, entitled "Mitigation of Recoverable Damages," and are not amenable to the analysis used in *Alabama Great So. R.R. Co. v. Allied Chemical Corp.*, 467 F.2d 679 (5th Cir.1972).

**3.** Likewise, defendants' reliance on the following cases is unwarranted. *Curtis Publishing Co. v. Birdsong*, 360 F.2d 344 (5th Cir.1966), which cited *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), addressed only the constitutional propriety of an Alabama federal court exercising personal jurisdiction over Mississippi defendants. *Home Insurance Co. v. Dick*, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926 (1930) addressed the choice of substantive law, not procedural law. *John Han-*

cock *Mutual Life Insurance Co. v. Yates*, 299 U.S. 178, 57 S.Ct. 129, 81 L.Ed. 106 (1936) deals not with a statute of limitations but with an erroneous finding that an evidentiary rule prevailed over a rule of substantive law in like manner as would the Alabama's Products Liability Act (§ 6–5–500 et seq., particularly § 6–5–502) have prevailed over the Texas statute of limitations in the cases at bar had such statute not been declared unconstitutional by the Alabama Supreme Court. *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), although indicating that, under its particular facts, a distinction between substantive and procedural law was immaterial, clearly adopted the position that "it would be a mischievous practice to disregard state statutes of limitation whenever federal courts think that the result of adopting them may be inequitable." 326 U.S. at 111, 65 S.Ct. at 1471 (citations omitted).

■ Defendants also contend that in *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984), the Supreme Court "expressly left undecided" the question regarding the constitutionality of applying New Hampshire's statute of limitations merely because only the issue of personal jurisdiction was presented. Defendants rely greatly on an excerpt in which the *Keeton* court notes "[t]here has been considerable academic criticism of the rule that permits a forum state to apply its own statute of limitations regardless of the significance of contacts between the forum state and the litigation." 104 S.Ct. at 1480, n. 10. The Supreme Court's awareness of the existence of academic criticism, however, does not demonstrate an inclination to change the present status of the law which the Supreme Court clearly states is that "under traditional choice of law principles, the law of the forum state governs on matters of procedure. See Restatement (Second) of Conflicts of Laws § 122 (1971)." 104 S.Ct. at 1480, introductory sentence of n. 10. The Supreme Court, in fact, appears disinclined to alter the present status as evidenced by the following:

> The chance duration of statutes of limitations in non forum jurisdictions has nothing to do with the contacts among respondent, New Hampshire, and this multistate libel action. Whether Ohio's limitations period is six months or six years does not alter the jurisdictional calculus in New Hampshire. Petitioner's successful search for a state with a lengthly statute of limitations is no different from the litigation strategy of countless plaintiffs who seek a forum with favorable substantive or procedural rules or sympathetic local populations. Certainly, Hustler Magazine, Inc., which chose to enter the New Hampshire market can be charged with knowledge of its laws and no doubt would have claimed the benefit of them if it had a complaint against a subscriber, distributor or other commercial partner.

104 S.Ct. at 1480. This dicta merely reiterates the long standing position of the Supreme Court on this issue as illustrated in *Van Dusen v. Barrack, supra:*

> We believe, therefore, that both the history and purposes of § 1404(a) indicate that it should be regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms.

376 U.S. at 636–37, 84 S.Ct. at 819, referring with approval to the A.L.I. Study of the Division of Jurisdiction between State and Federal Courts (Tent. Draft No. 1, 1963) which provided, in pertinent part;

> The effect [of applying the choice of law rules of the transferor state] is to give the plaintiff the benefit which traditionally he has had in the selection of a forum with favorable choice-of-law rules.... It may be thought undesirable to let the plaintiff reap a choice-of-law benefit from the deliberate selection of an inconvenient forum. In a sense this is so, but the alternatives seem even more undesirable.

376 U.S. at 637, n. 36, 84 S.Ct. at 819, n. 36. It is clear, therefore, that plaintiffs' choice of a Texas forum, even if calculated to circumvent a probable dismissal of their actions in the very court before which they now stand, is constitutionally permissible. Federal constitutional law does not preclude application of the Texas statute of limitations.

Accordingly, it is hereby ORDERED that plaintiffs' motion to apply the Texas statute of limitations in those actions transferred from the Northern District of Texas pursuant to 28 U.S.C. § 1404(a), be and the same is, GRANTED.

## ON MOTION TO RECONSIDER

This cause is before the Court on defendants'[1] motion to reconsider this Court's

---

1. The following defendants have joined in this motion and are hereinafter referred to collectively as "defendants": Armstrong World Industries, Inc.; Fibreboard Corporation; Owens-

**1064**

order of January 3, 1986 which addressed the applicability of the Texas statute of limitations in those actions transferred from the Northern District of Texas. Alternatively, these defendants seek leave to appeal this Court's January 3, 1986 ruling to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1291(b) or certification to the Alabama Supreme Court of questions which defendants contend relate to Alabama law.

The Court will first address defendants' request to certify to the Alabama Supreme Court certain questions allegedly related to Alabama substantive law. The Court finds that the defendants, having failed earlier to establish that the Alabama statute of limitations is an integral part of the Alabama substantive law on products liability and therefore falls within the exception enunciated in *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099 (5th Cir.1981), now contend that § 95 of the Alabama Constitution of 1901 dictates that the statute of limitations bar under Alabama law is substantive and not merely procedural. The Court concludes that the defendants' contention lacks merit. Section 95 of the Alabama Constitution of 1901 provides in pertinent part:

> [T]he legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this state. After suit has been commenced on any cause of action, the legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit.

Ala. Const., Art. IV, § 95. As interpreted by the Alabama Supreme Court in *Tyson v. Johns-Manville Sales Corp.*, 399 So.2d 263 (Ala.1981), § 95 limits the power of the legislature to alter the period within which an action may be brought as applied to causes which are already time-barred. The *Tyson* court specifically held:

> [The legislature] has the power to retroactively alter extend, or curtail an existing limitations period. However, this power "can only be exercised so as to

apply ... where the bar was not complete before the enactment of the statute, for, if the action was ... barred [before enactment], its effect would be to revive a cause of action already barred and would violate § 95...."

399 So.2d at 268, quoting *Floyd v. Wilson*, 171 Ala. 139, 141, 54 So. 528 (1911). Defendants rely specifically on the three-part analysis of the *Tyson* court to the effect that: 1) "[§ 95] applies only to matters of substance and not to matters of form or to statutes which are remedial in nature;" 2) "a statute of limitations is a remedial statute that does not destroy any vested rights" and 3) "the running of a statute of limitations creates a vested right in that defense," and on the *Tyson* court's subsequent conclusion that:

> Once an action is barred by a statute of limitations in existence at the time of commencement of the action, rights vest in the limitations defense which cannot be destroyed by subsequent legislative act because of § 95 of the Constitution restricts the legislative power to do so.

399 So.2d at 269–70.

The Court finds, however, that the analysis utilized in *Tyson* and the conclusion reached by the *Tyson* court is inapplicable to the cases at bar inasmuch as the *Tyson* court has not characterized the Alabama statute of limitations as substantive within the meaning of the *Ellis* exception, delineated as follows:

> [W]hen the foreign jurisdiction's *statute "creates a right and also incorporates a limitation upon the time within which the suit is to be brought* ... the limitation qualifies the right so that it becomes part of the substantive law rather than procedural, and ... unless suit is brought within the time allowed by [the foreign state's] statute no right of action can be maintained even though the law of [Texas] provides for a longer period of limitations."

646 F.2d at 1111, (emphasis added). The *Tyson* court was addressing the issue with-

Corning Fiberglas Corporation; The Celotex Corporation; Eagle-Picher Industries, Inc.; H.K. Porter Company, Inc.; Turner & Newall,

Ltd.; Owens-Illinois, Inc.; Carey Canada, Inc.; Carey Canadian Mines; and Crown Cork and Seal Company, Inc.

in the context of legislative power, specifically the power of the Alabama legislature, and not within the context of well established conflict of laws principles and, therefore, inapplicable to the cases at bar.

Defendants' reliance on *Alabama Great Southern Railroad Co. v. Allied Chemical Corp.*, 467 F.2d 679 (5th Cir.1972) is equally of no avail as this case is clearly distinguishable from the cases at bar. The action in *Alabama Great Southern Railroad,* as admitted by defendants, was grounded on common law and was not statutorily based. The Fifth Circuit, therefore, acting as the transferor court, examined the law of the transferee court and found that a statute existed which "clearly [barred] not only the remedy but the right itself." 467 F.2d at 682. The statute in question, entitled "completion of limitation extinguishes right," provided:

> The completion of the period of limitation herein prescribed to bar any action, shall defeat and extinguish the right as well as the remedy.

467 F.2d at 682, quoting Miss.Code Ann. § 743. The Fifth Circuit then held:

> We conclude, therefore, that even though the Mississippi [the transferee court's jurisdiction] period of limitation is not part of a statute creating the right sued upon, Virginia courts [the transferor] would apply it in the instant case since it bars the right of action and not merely the remedy.

467 F.2d at 682. As applied to the cases at bar, the Court finds that the Mississippi statute relied upon by the Fifth Circuit is clearly dissimilar from § 95 of the Alabama Constitution.

■■■ For purposes of conflict of laws analysis, this Court concludes that § 95 of the Alabama Constitution of 1901 does not clearly bar the right as well as the remedy but rather, limits only the power of the Alabama *legislature* to revive an action filed in Alabama which is already time barred or to destroy any existing defense by legislative act after the commencement of a suit in Alabama. Section 95 does not automatically extinguish the right to bring any action and, therefore, cannot be said to imply that the Alabama statute of limitations at issue must be characterized as substantive within the meaning of the aforementioned *Ellis* exception. The Court can see no purpose or propriety in certifying an issue based on conflict of law analysis to the Alabama Supreme Court and, therefore, it is ORDERED that defendants' request for such certification be and is hereby DENIED.

■■■ It is FURTHER ORDERED that defendants' request for an interlocutory appeal to the Eleventh Circuit pursuant to 28 U.S.C. § 1292(b) be and is hereby DENIED. The Court concludes that, although the applicability of the Texas statute of limitations involves a controlling question of law, a substantial ground for difference of opinion as to its correctness does not exist as demonstrated in this Court's order of January 3, 1986 and an interlocutory appeal will not materially advance the ultimate termination of this litigation. Defendants' introduction of the recent novel opinion of the United States District Court for the District of Idaho, in *Meyer v. Armstrong World Industries, Inc.*, No. 83–4055–(D) (D.Idaho 1985), fails to establish the requisite "substantial" conflict of opinion in light of the well-established precedent of this circuit, among others.