This is an asbestos exposure case. The four plaintiffs were employed by the steel industry, and they allege that they were exposed to asbestos during or before 1978. They subsequently sued Garlock, Inc., alleging negligence and/or wantonness, breach of warranty, and liability under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD).
The plaintiff Willie Johnson alleges that he was exposed to asbestos or products containing asbestos while he was employed by United States Steel Corporation from 1946 to 1969. The plaintiff John R. Brown alleges that he was exposed to asbestos or products containing asbestos while he was employed by United States Pipe Foundry Company from 1950 to September 6, 1978. Plaintiff *Page 26 
Melvin Jackson alleges that he was exposed to asbestos or products containing asbestos while he was employed by Woodward Iron Company from 1947 to 1977. The plaintiff Prince Johnson claims that he was exposed to asbestos or products containing asbestos while he was employed at United States Steel from 1929 to 1972.
None of the plaintiffs contends that he was exposed after 1979 to asbestos products manufactured by the defendant Garlock, Inc., or by anyone else. The plaintiffs allege that they were diagnosed with asbestos-related diseases in January and February 1992. They sued Garlock in April 1992.
Garlock moved for a summary judgment on the ground that the statutory limitations period had run. Garlock based its motion on this Court's holdings in Garrett v. Raytheon Co.,368 So.2d 516 (Ala. 1979), and Tyson v. Johns-Manville Sales Corp.,399 So.2d 263 (Ala. 1981). The trial court granted the motion and entered a summary judgment. The plaintiffs appeal, arguing that the limitations period had not run and that if Alabama law is interpreted to mean that the limitations period has run, then that interpretation would be an unconstitutional deprivation of their rights.
In reviewing the disposition of a motion for summary judgment, we utilize the same standard as the trial court used in determining whether the evidence presented a genuine issue of material fact and whether the movant was "entitled to a judgment as a matter of law." Bussey v. John Deere Co.,531 So.2d 860, 862 (Ala. 1988); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98
(Ala. 1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v.Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990).
The issue before the Court is not novel. It was thoroughly addressed in Garrett, where this Court held that in a radiation exposure action the "statute of limitations begins to run in favor of the party liable from the time the cause of action 'accrues.' " 368 So.2d at 518-19. The Court said that it had "defined [the] 'date of injury' for statute of limitations purposes to be the day on which the plaintiff was last exposed to the damages which injured her." 368 So.2d at 520.[1]
On May 19, 1980, after this Court's decision inGarrett, the Legislature adopted § 6-2-30, Ala. Code 1975, which provided:
 "(b) A civil action for any injury to the person or rights of another resulting from exposure to asbestos, including asbestos-containing products, shall be deemed to accrue on the first date the injured party, through reasonable diligence, should have reason to discover the injury giving rise to such civil action."
In Tyson, this Court addressed the contention that this statute applied retroactively to persons exposed to asbestos-related products before the enactment of the law and who discovered after the enactment that they had been harmed by the exposure. The Court unanimously held that § 6-2-30 was constitutional only "insofar as it establishes a discovery rule for the accrual of asbestos injury actions in Alabama and allows one year after discovery for the commencement of actions," *Page 27 
but that § 95 of the Alabama Constitution "prevents its application to claims time barred under § 6-2-30, Alabama Code of 1975, and Garrett v. Raytheon, supra, at the time of passage of Act No. 80-566." 399 So.2d at 272. Article IV, § 95, of the Alabama Constitution states:
 "There can be no law of this state impairing the obligation of contracts by destroying or impairing the remedy for their enforcement; and the legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this state. After suit has been commenced on any cause of action, the legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit."
The Court stated that "[u]ntil May 19, 1980, § 6-2-30 of the Alabama Code 1975, and Garrett v. Raytheon, 368 So.2d 516
(Ala. 1979), dictated the limitations period and date of accrual of causes of [action] for injury due to radiation and other insidious agents." 399 So.2d at 268.
The Court held:
 "Under §§ 6-2-30 and 6-2-39 of the Alabama Code of 1975, all actions for injury to the person not arising from contract must be commenced within one year [now two years, since amendment effective January 9, 1985] after the cause of action has accrued. In Garrett v. Raytheon, supra, the Court held that a cause of action for radiation injury accrued and 'the statute of limitations of one year began to run when plaintiff was last exposed to radiation and plaintiff's ignorance of the tort or injury, there being no fraudulent concealment, does not postpone the running of the statute until the tort or injury is discovered.' 368 So.2d at 521. Asbestos injury, like radiation injury, results from a latent, insidious agent and, prior to the passage of Act No. 80-566 and Act No. 79-468, Alabama Acts of 1979, following Raytheon, a claim based on asbestos injury would have accrued on the last date of plaintiff's exposure to defendant's product.
 "It is true that the legislature has the inherent power to determine the period within which an action may be brought, provided that the time fixed is reasonable. Sellers v. Edwards, 289 Ala. 2, 265 So.2d 438 (1972); Plant v. R.L. Reid, Inc., 294 Ala. 155, 313 So.2d 518 (1975). It also has the power to retroactively alter, extend, or curtail an existing limitations period. However, this power 'can only be exercised so as to apply . . . where the bar was not complete before the enactment of the statute, for, if the action was . . . barred [before enactment], its effect would be to revive a cause of action already barred and would violate § 95. . . .' Floyd v. Wilson, 171 Ala. 139, 141, 54 So. 528 (1911); see, Martin v. Martin, 35 Ala. 560 (1860). Such a statute may be made applicable to 'an existing cause of action not then barred, provided it is clear that it was intended to be retroactive. . . .' Cronheim v. Loveman, 225 Ala. 199, 201, 142 So. 550 (1932). [Emphasis added (in Tyson).] However, the Act cannot be permitted to apply retroactively to claims, such as the ones at hand, which had not been brought within one year of the date of last exposure and which, therefore, had been barred under the statute of limitations in existence at the time the action was commenced, because such application would revive a time-barred remedy in contravention of § 95.
". . . .
 "We also hold that, as applied to these time-barred claims, Act No. 80-566 offends the 'existing defense' provisions of § 95. We have held that this provision applies 'only to matters of substance and not to matters of form or to statutes which are remedial in nature'; that ' "no person has a vested right in a particular remedy . . . or in particular modes of procedure," ' State Board of Optometry v. Lee Optical Company of Alabama, 284 Ala. 562, 565-566, 226 So.2d 623 (1969); and that a statute of limitations is a remedial statute that does not destroy any vested rights, Barrington v. Barrington, 200 Ala. 315, 76 So. 81 *Page 28 
(1917). However, we have not heretofore addressed the question of whether the running of a statute of limitations creates a vested right in that defense. The weight of American authority holds that the bar does create a vested right in the defense.
 " 'Although there is some authority to the contrary with regard to actions which do not involve or affect title to property, the great preponderance of authority favors the view that one who has become released from a demand by the operation of the statute of limitations is protected against its revival by a change in the limitation law. According to this view, after a cause of action has become barred by the statute of limitations the defendant has a vested right to rely on that statute as a defense, the defense in such case being considered a vested right or property which cannot be taken away by legislation. . . . Especially is such legislation invalid if the removal of a completed statutory bar is prohibited by the state constitution.'
 51 Am.Jur.2d Limitation of Actions § 44 (1970) (footnotes omitted, emphasis added [in Tyson]). See also, Dobson v. Quinn Freight Lines, 415 A.2d 814
(Me. 1980); Hockman, 'The Supreme Court and the Constitutionality of Retroactive Legislation,' 73 Harv. L.Rev. 692, 696 (1960); Smith, 'Retroactive Laws and Vested Rights,' 5 Texas L.Rev. 231, 242-244, 248 (1927).
 "In the closely related area of ex post facto legislation, cases and authorities are 'in agreement that if the statutory period of the statute has fully run and the bar has once attached so that the defendant could not be prosecuted under the existing statute, the law cannot be changed by future legislation so as to extend the period of limitation as to past offenses, already barred. Such a law would violate the ex post facto clause.' Black, 'Statutes of Limitation and the Ex Post Facto Clauses,' 26 Kentucky Law Journal 41, 42 (1937); Moore v. State, 43 N.J.L. 203 (1881); Falter v. United States, 23 F.2d 420 (1928).
 "Although this area of the law is concerned with criminal matters, it is analogous to the cases before us. Our own case law recognizes this similarity. In Henry v. Thorpe, 14 Ala. 103
[(1848),] we stated that 'statutes of limitation, it has often been held, do not enter into the contracts of parties, or affect their rights, until the presumption is complete.' Id., [14 Ala. at 112]. Once an action is barred by a statute of limitations in existence at the time of commencement of the action, rights vest in the limitations defense which cannot be destroyed by subsequent legislative act because § 95 of the Constitution restricts the legislative power to do so.
 "We thus hold that Act No. 80-566 is violative of both provisions of § 95 as it is applied to these ten cases or to others which were time barred prior to the enactment of the Act."
399 So.2d at 268-70. The Court clearly held that § 6-2-30
cannot apply retroactively to actions already barred by the statute of limitations as interpreted and applied in Garrett.
Thus, applying Garrett and Tyson to the facts of this case, we must hold that the plaintiffs' claims are time-barred.
Although the plaintiffs present the Court with the same fact situation it addressed in Tyson, they argue that the application of Tyson to their case violates their state and federal constitutional rights. We disagree. The holdings inGarrett and Tyson do not, as the plaintiffs suggest, eliminate a cause of action before it accrues. We, therefore, reaffirm our holdings in Garrett and Tyson.
AFFIRMED.
HOOPER, C.J., and ALMON, SHORES, HOUSTON, and COOK, JJ., concur.
INGRAM and BUTTS, JJ., dissent.
[1] The plaintiffs argue that the Court recognized in Barron v.CNA Ins. Co., 678 So.2d 735 (Ala. 1996), that the Rule inGarrett should not apply to asbestos cases. However, we note that the exposures to asbestos in Barron were subject to the statute of limitations set forth in § 6-2-30, Ala. Code 1975, and the Court was explaining the rationale of the legislature in adopting the statute. No language in Barron suggests that the Court would apply § 6-2-30 retroactively to defendants whose right to the statute of limitations defense has already vested. *Page 29