EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a paternity proceeding. Upon the trial court’s determination that the defendant was the father of a certain illegitimate child, the defendant appealed and contends that the proof was inadequate upon which to base such adjudication.
The child was born to a never married mother on May 13,1977. The mother testified that she conceived around September 1976 and that the defendant was the only man with whom she had sexual relations in August, September or October 1976. She further stated that she dated the defendant during that period of time and had sex with him almost weekly without practicing birth control. The defendant admitted to one act of intercourse with the prosecuting witness but denied his paternity of the child because of his use of a contraceptive.
Paternity proceedings are of a civil nature wherein the trier of facts must be reasonably satisfied from the evidence that *65 the defendant is the father of the child involved. Keener v. State, Ala., 347 So.2d 398 (1977). After both sides rested, the trial court viewed the child and promptly pronounced the defendant to be her father. The circuit court heard the conflicting evidence and must have been reasonably satisfied as to the paternity of the child. Due to the status of the evidence, this court cannot hold that the trial court was palpably wrong. “The state offered evidence which, if believed, was sufficient to establish that the defendant was the father of the child involved. We find no error to reverse.” Keener v. State, supra.
The judgment appealed from is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.