This is a paternity case.
The defendant, through able counsel, appeals from an order entered after an ore tenus hearing which found defendant is the father of the child, and is subject to obligations *Page 119 
of care, maintenance and education for the child.
We do not deem it prudent to detail the facts of this case. The mother was married, but separated when she gave birth to a child on December 24, 1979. The mother swore out a paternity warrant against the defendant on January 27, 1982.
The issues on appeal are: whether the statute of limitations barred the action; whether the trial court erred in denying the motion for a new trial; whether the state rebutted the presumption of legitimacy; whether the trial court erred in admitting the testimony of the mother; and whether the evidence supports the finding.
 I
At the time of the child's birth, the statute of limitations governing paternity prosecutions was two years. Ala. Code § 26-12-7 (1975). Prior to the time the mother filed her action, the statute of limitations was changed to five years. Ala. Code § 26-12-7 (Cum.Supp. 1982). The five year statute of limitations was effective May 21, 1981.
Defendant contends the two year statute controls, barring the action, and that application of the five year statute would be unconstitutional as applied as an ex post facto legislation. We disagree.
Our state supreme court has held that remedial statutes such as statutes of limitations may operate retrospectively, in the absence of language clearly showing a contrary intention.Street v. City of Anniston, 381 So.2d 26 (Ala. 1980). The statute of limitations in effect at the time the suit is filed, as opposed to one in effect at the time of the accrual of the cause of action, has been held to apply unless the later statute clearly states the contrary. Street v. City ofAnniston, supra.
Faced with the same issue when the statute of limitations for paternity actions was expanded from one year to two, the court of appeals specifically addressed the ex post facto challenge. In Ward v. State, 42 Ala. App. 529, 170 So.2d 500, cert. denied,170 So.2d 504 (1964), the court held applying the extended statute of limitations under similar facts did not violate the prohibition against ex post facto laws because paternity actions were civil under the applicable laws. We therefore find no bar to the action.
 II
The defendant next contends that newly discovered evidence entitled him to a new trial, and the trial court erred in denying his motion for a new trial.
During a hearing on defendant's motion for a new trial the trial judge commented that "[n]ewly discovered evidence in and of itself is not sufficient to grant a new trial. You have to prove that you could not have known about it and presented it at the trial."
This is an eminently correct statement of law. Our case law requires, among other criteria, that in order to grant a new trial on the basis of newly discovered evidence it must be established the evidence could not have been discovered before the trial by the exercise of due diligence. Keel v. State,35 Ala. App. 515, 49 So.2d 320 (1950). Defendant did not establish, nor does it appear from the record before this court that he attempted to establish, this crucial element. We therefore affirm the trial judge's denial of the motion for a new trial.
 III
The defendant next contends that the state failed to overcome the presumption of legitimacy, and as an interwoven matter, that error was committed by allowing the mother's testimony tending to establish the illegitimacy of the child.
It is a long-standing rule of the common law and one frequently recognized in this state, that a child born to a married woman is presumed to be the legitimate offspring of her husband. Leonard v. Leonard, 360 So.2d 710 (Ala. 1978). This presumption of legitimacy is one of the most persuasive known to the law, Leonard *Page 120 
v. Leonard, supra, but is not conclusive. Ingram v. State,364 So.2d 329 (Ala.Civ.App.), cert. denied, 364 So.2d 331 (Ala. 1978). The presumption may be overcome by proof of impotency on the husband's part, or by want of access to his wife during the time when pregnancy might have occurred, and other conditions in which it was impossible that the husband could have been the father of the child of his wife during the marriage. Ingram v.State, supra; Jackson v. Jackson, 259 Ala. 267, 66 So.2d 745
(1953).
In the instant case, the mother was married, but had been separated from her husband for some time. During the time of conception, the husband was in the military and stationed in Germany. The wife testified she had not seen him during the time period of conception. No witnesses were produced which could establish the presence of the husband in the state during the crucial time frame. Witnesses stated he was last seen in the state in the fall of 1978.
The trial court heard the evidence ore tenus, and its findings have the force and effect of a jury verdict. We cannot disturb those findings in the absence of a showing that they are plainly and palpably wrong. Leonard v. Leonard, supra.
There being evidence to support the trial court's finding, we affirm.
Interwoven within this issue is the question of admissibility of testimony by the mother concerning the circumstances of conception. It is, as defendant states, the law that the mother may not testify to the ultimate fact of illegitimacy. Franks v.State, 26 Ala. App. 430, 161 So. 549 (1935). However, the law is that the mother may testify to circumstances from which nonaccess and the impossibility of the husband's fatherhood may be inferred. Evans v. Evans, [Ms. August 25, 1982] (Ala.Civ.App. 1982); Leonard v. Leonard, supra. We find no error in admitting the testimony the mother presented during the trial.
 IV
The defendant also contends the evidence presented was insufficient to support the finding of the trial court that he was the father. His contention is primarily based on the testimony of the mother that the last time she had sex with the defendant was "around" the middle of February. The child was born December 24. Defendant claims that by the mother's own testimony, if he were the father, it would have been a ten month to ten and one-half month gestation period.
While true that the normal gestation period is 280 days, case law has previously recognized the medical uncertainty as to an accurate determination of the gestation period. See Mutual ofOmaha Ins. Co. v. Lang, 43 Ala. App. 362, 190 So.2d 730 (1966). The period of gestation could vary from woman to woman and even from baby to baby, and the tolerance is in a range from 240 days to 300. Mutual of Omaha Ins. Co. v. Lang, supra; Arthur v.Arthur, 262 Ala. 126, 77 So.2d 477 (1955).
In paternity proceedings the trier of facts must be reasonably satisfied from the evidence that the defendant is the father of the child. Chew v. State, 394 So.2d 64
(Ala.Civ.App. 1981).
The indefinite nature of the mother's testimony about the date of the last sexual relations with the defendant renders an accurate count impossible. Coupled with the impossibility of stating as an absolute fact that gestation must take place within 300 days or less, we cannot hold the trial court erred. Due to the status of the evidence, we must affirm the trial court's finding.
We should not be understood as saying we would have found as the trial court did, but only that our review of the record discloses no reversible error. We do note that the "newly discovered evidence," an affidavit plus divorce pleadings in which another man alleges he is the father, may well cast doubt on the findings.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 121