ON REHEARING
This is a paternity action brought pursuant to Alabama Code sections 26-12-1 through -9. The learned trial judge determined the action was barred by the statute of limitations.
On August 3, 1983, this court issued an opinion affirming the trial court's judgment in favor of the defendant.
The State then filed a prompt application for rehearing, bringing to the court's attention certain crucial facts earlier overlooked. After considering the State's brief in support of its application for rehearing this court is of the opinion that rehearing should be granted, that the August 3 opinion should be withdrawn, and that the trial court should be reversed.
The child whose paternity the State seeks to establish, Harvey Dewayne Pickron, was born December 2, 1976. On that date the paternity limitations statute was two years. See Ala. Code § 26-12-7 (1975). On May 21, 1981, well after Harvey Dewayne Pickron had reached his second birthday, the Alabama Legislature extended the limitations statute to five years. See
Ala. Code § 26-12-7 (Cum.Supp. 1982). On September 1, 1981, Shirley Tucker, the mother of Harvey Dewayne Pickron, commenced this action by swearing out a paternity warrant against the defendant/appellee. On December *Page 1312 
2, 1981, while this cause was pending before the trial court, Harvey Dewayne Pickron reached his fifth birthday.
In its brief in support of its application for rehearing the State makes two arguments. The first argument is that the two-year statute of limitations which, as indicated, was apparently applied below should be ruled unconstitutional on the authority of recent U.S. Supreme Court precedent. Alternatively, the State argues that this court should apply the new five-year statute and find that this cause was timely filed.
In choosing between successive limitations statutes this court is guided by three recent Alabama opinions. See Tyson v.Johns-Manville Sales Corp., 399 So.2d 263 (Ala. 1981); Streetv. City of Anniston, 381 So.2d 26 (Ala. 1980); Adams v. State,428 So.2d 117 (Ala.Civ.App. 1983). Street sets out the general rule: "the statute of limitations in effect at the time the suit is filed, as opposed to the one in effect at the time of the accrual of the cause of action, has been held to apply unless the later statute clearly states the contrary." 381 So.2d at 29. Adams is to the same effect. Tyson, however, highlights an important exception to this general rule: if when the successor statute becomes effective, the cause of action has already been barred by the limitations statute in effect at accrual, then the new, longer statute cannot be applied to revive the barred cause. 399 So.2d at 269. A limitation statute which attempts to revive an already barred action would violate section 95 of the Alabama Constitution. Id.
Applying the above law to the facts of the instant case, this court must reject the five-year statute (the statute of limitations in effect when the action was filed) because this action was already barred when the five-year statute was enacted. We cannot accept the State's alternative argument and apply the five-year statute because to do so would violateTyson and section 95 of the Alabama Constitution.
Rejection of the five-year statute in favor of the two-year statute does not, however, lead to a ruling that the State's action was properly rejected. Under recent U.S. Supreme Court precedent this court has no alternative but to invalidate Alabama's two-year statute under the equal protection clause of the fourteenth amendment. In Pickett v. Brown, ___ U.S. ___,103 S.Ct. 2199, 76 L.Ed.2d 372 (1983), the U.S. Supreme Court invalidated Tennessee's two-year paternity statute because a "two-year limitations period does not provide illegitimate children with `an adequate opportunity to obtain support.'[Mills v. Habluetzel, 456 U.S. 91,] 100 [102 S.Ct. 1549, 1555,71 L.Ed.2d 770]. . . ." Although the Supreme Court also gave alternate grounds for finding the two-year statute invalid, we do not believe these alternate grounds can be used to distinguish Pickett from the present case. Accordingly, the Alabama two-year paternity statute must be invalidated.
The State's application for rehearing is hereby granted. The August 3, 1983, opinion of this court is hereby vacated and withdrawn and this opinion is substituted in its place. The judgment below is reversed, and this action is hereby remanded for further proceedings.
APPLICATION FOR REHEARING GRANTED.
OPINION SUBSTITUTED.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1313