ROBERT M. PARKER, Retired Circuit Judge.
This is a paternity case.
The appellant appeals from an order entered, after an ore tenus hearing, which *815 found appellee not guilty in the paternity action filed against him.
The record reveals that the child was born on July 2, 1977, and that the paternity action was filed against the reputed father on April 18, 1983.
At the time of the child’s birth, the statute of limitations governing paternity prosecutions was two years. Ala.Code § 26-12-7 (1975). The statute was expanded to five years effective May 21, 1981. Under our rulings in Adams v. State, 428 So.2d 117 (Ala.Civ.App.1982), and State v. Martin, 437 So.2d 1311 (Ala.Civ.App.1983), the two-year statute is applicable to the instant action as the child reached her second birthday well in advance of May 21, 1981. Because the appellant has not urged that we give retroactive effect to our constitutionality decision in Martin, we have no occasion to reach that issue.
Since the limitation period of § 26-12-7 had expired before this prosecution was initiated, the burden fell upon the appellant to show that the reputed father either legally acknowledged paternity or supported the child so as to toll the running of the statute of limitations. State v. Hall, 388 So.2d 1004 (Ala.Civ.App.1980).
The evidence in support of this issue is in conflict. The appellant testified that, after the child was two months old and until she was about six months old, she and the child spent weekends with the appellee where he bought diapers and food for the child; that he brought diapers to the hospital at time of birth. Appellee denied that they spent weekends with him as he lived with his parents until his marriage in 1980; he denied paternity to the Department of Pensions and Security in September 1977. The appellant further testified that from 1977 to 1983 the appellee supported the child and helped her when he could; that he gave her Christmas presents and kept the child; the appellee denied supporting the child as he was not working and could not help or support; appellee denied keeping the child except on occasion. The appellee has never admitted paternity.
The appellant had the burden to reasonably satisfy the trial court that any payments or support constitute an acknowl-edgement of paternity to toll the statute. Miller v. State, 403 So.2d 247 (Ala.Civ.App.1981). The trial court found the defendant not guilty. The findings of a trial court, from evidence presented ore tenus, may not be disturbed unless the findings are palpably erroneous and without supporting evidence. Gertz v. Allen, 376 So.2d 695 (Ala.1979); Gunnels v. Jimmerson, 331 So.2d 247 (Ala.1976).
Under the facts presented, the judgment of the trial court is not palpably wrong or without supporting evidence. Therefore, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.