This is a paternity case.
The mother, Marcita J. Turner, swore out a paternity warrant on September 21, 1982, against Jerry Burks, alleging that he was the natural father of her daughter, Conderlear Johnson, born August 14, 1974.
The cause was tried in the Juvenile Court of Madison County. The trial court entered a finding of not guilty based upon the statute of limitations defense. The State of Alabama appealed the decision to the Circuit Court of Madison County. After hearing testimony, the circuit judge entered an order stating that although he was "reasonably satisfied that the defendant is the father of the child in question . . . this action is barred by the five-year statute of limitations." From this finding, the State of Alabama appeals.
The statute of limitations applicable to paternity cases, see
§ 26-12-7, Ala. Code (1975 1983 Cum.Supp.), has been the subject of numerous recent appeals before this court. See,e.g., State v. Martin, 437 So.2d 1311 (Ala.Civ.App. 1983);Adams v. State, 428 So.2d 117 (Ala.Civ.App. 1983); Miller v.State, 403 So.2d 247 (Ala.Civ.App. 1981); State v. Hall,388 So.2d 1004 (Ala.Civ.App. 1980); State v. Maddox, 358 So.2d 461
(Ala.Civ.App. 1978). At issue in the present case is whether the trial court erred in finding 1) that the paternity statute was not tolled and 2) that the five-year limitations statute applied.
The trial court found no evidence to toll application of the paternity statute of limitations. As our supreme court has stated on numerous occasions, the findings of a trial court, from evidence presented ore tenus, will not be disturbed unless those findings are palpably erroneous and without supporting evidence. See, e.g., Gertz v. Allen, 376 So.2d 695 (Ala. 1979);Gunnels v. Jimmerson, 331 So.2d 247 (Ala. 1976). That the oretenus rule is applicable to paternity proceedings was reaffirmed in Howells v. Macon, 447 So.2d 814 (Ala.Civ.App. 1984).
Although the testimony presented was sharply disputed, the alleged father, Jerry Burks, testified that he did not visit the mother in the hospital after the child's birth, that he had never given the mother money for the child's support, that he had only purchased diapers for the child twice, and that on both occasions the mother provided the money and sent him to the store, that he had never placed the child's name on any group insurance policy maintained through his employer, that the child has never been in his home, that he has not even seen the child since 1978, that he never purchased the child any clothing, and that he had never bought the child any birthday or Christmas gifts with the exception of one gift he gave the child when he was dating her mother and the child was only one or two years old. The alleged father also testified that the first knowledge he had of the mother's allegation that he might be the father of the child was when he was served with papers by the Madison County Sheriff's Department in October of 1982, after the child had reached eight years of age.
As we said in Miller v. State, 403 So.2d 247 (Ala.Civ.App. 1981), *Page 1040 
 "[s]ection 26-12-7 does not specify the amount of support necessary to toll the statute and it is not essential that the reputed father meet all of the child's material needs. The determinative question is whether, under the facts of the case, the payments constitute an acknowledgment of paternity. If the payments do constitute such an acknowledgment, the reputed father has supported the child within the meaning of § 26-12-7. See, Reynolds v. Richardson, 62 Tenn. App. 269, 462 S.W.2d 233 (1970)."
Id. at 249. In the present case, the father only admitted giving the child one gift, and this act took place at a time he was dating the child's mother. Accordingly, applying the oretenus rule, we cannot upset the trial court's determination that the statute was not tolled.
The State's second argument on appeal is not as easily resolved. The State argues that because this case shares the same basic facts as those in State v. Martin, 437 So.2d 1311
(Ala.Civ.App. 1983), the court should remand this case for further proceedings as it did Martin. The alleged father, on the other hand, contends that notwithstanding Martin, the trial court correctly applied the five-year statute to find the instant petition barred. The alleged father asks this court to modify its Martin analysis to find that application of the five-year statute would not violate section 95 of the Alabama Constitution of 1901.
Raising a point not raised by either one of the parties inMartin, the alleged father, in his brief, argues the following:
 "In the instant case, we urge that application of Section 95 is not mandated. As the Supreme Court has stated on numerous occasions, the legislature has the inherent power to determine the period within which an action may be brought, provided that the time is reasonable. Sellers v. Edwards, 289 Ala. 2, 265 So.2d 438 (1972); Plant v. Reid, Inc., 295 [294] Ala. 155, 313 So.2d 518 (1975). Further, the legislature has the power to retroactively alter, extend or curtail an existing limitation although this power can only be exercised so as to apply where the bar was not complete before the enactment of the state. [Tyson v. Johns-Manville Sales Corp., 399 So.2d 263 (Ala. 1981).]
 "In the instant case, the two year statute of limitations as would ordinarily have applied to this action (the child having been born in 1974 at which time that statute was applicable) had been nullified by implication due to the ruling of the United States Supreme Court in Pickett v. Brown [462 U.S. 1], 103 S.Ct. 2199 [76 L.Ed.2d 372] (1983). In that case, the Court invalidated Tennessee's two year paternity statute because a `two-year limitations does not provide illegitimate children with `an adequate opportunity to obtain support.' [Mills v. Habluetze [Habluetzel], 456 U.S. 91,] 100 [102 S.Ct. 1549, 71 L.Ed.2d 770 (1982)] . . .' Accordingly, as this Court stated in State v. Martin, supra, the Alabama two-year paternity statute must be invalidated. Therefore, the two-year statute did not time bar the State's action because that statute was invalid under the equal protection clause of the Fourteenth Amendment of the United States Constitution. Accordingly, the State's argument that the five year statute of limitations cannot be applied as it would otherwise revive a time barred action is simply ill-reasoned. Therefore, the general rule as set forth in Street v. City of Anniston, 381 So.2d 26
(Ala. 1980) applies and the statute of limitations in effect at the time the suit was filed, as opposed to the one in effect at the time of the accrual of the cause of action, should apply."
After having studied this argument and having re-examined the cases cited therein, this court finds that application of the five-year statute would indeed not violate section 95 of the Alabama Constitution. As any time limitation attempted to be imposed by the prior two-year statute was constitutionally ineffective to bar a paternity claim for purposes of the equal protection clause of the fourteenth amendment to the U.S. Constitution, we must likewise *Page 1041 
find it ineffective for purposes of barring revival of a claim by extension of a time period under section 95. Accordingly, the trial court did not err in relying on Street v. City ofAnniston, 381 So.2d 26 (Ala. 1980) and applying the five-year statute.
We would note that, although the above reasoning necessarily modifies our Martin analysis, the results of Martin are not changed. As we specifically pointed out in our recital of facts, the child in Martin did not celebrate his fifth birthday until after the action was commenced.
The cause below is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.