This is an appeal from a final decree entered in the Jefferson County Probate Court naming Ethel Banks as the sole surviving heir to the estate of the late James Cohill. Della Rena Abrams, Cohill's illegitimate daughter, appeals. We reverse.
James Cohill died intestate in Jefferson County on 17 March 1981, having had no children by his marriage to the late Addie Cohill. Cohill was survived, however, by his illegitimate child, Della Rena Abrams.
Although Cohill never filed a declaration of paternity, or married the appellant's mother, he did recognize Abrams as his own and from time to time supported her. Cohill even allowed Abrams to live with him.
Paternity proceedings were brought by the state on Abrams's behalf when she was seventeen years old. On 4 May 1977, a judicial determination of paternity was made in the Juvenile Court of Jefferson County naming James Cohill as the father of Della Rena Abrams. Thereafter, Cohill supported his daughter as required by the paternity order.
The appellee, Ethel Banks, is the cousin of the decedent, being a child of the decedent's maternal aunt.
On 27 November 1983, the trial court found that although Della Rena Abrams was the illegitimate child of James Cohill, she was not entitled to inherit from his estate, as the judicial determination of paternity was not made within two years of Abrams's birth as required by Everage v. Gibson,372 So.2d 829 (Ala. 1979) cert. denied 445 U.S. 931,100 S.Ct. 1322, 63 L.Ed.2d 765 (1980). In light of the recent decisions of Pickett v. Brown, 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372
(1983), and State v. Martin, 437 So.2d 1311 (Ala.Civ.App. 1983), the trial court's findings are in error and must be reversed.
The single issue presented is whether the two-year statute of limitations on paternity proceedings set out in Code 1975, § 26-12-7,[1] now bars the appellant from inheriting from the decedent's estate by intestate succession. We answer the question in the negative.
In order to comport with the equal protection requirements of the Fourteenth Amendment as outlined in Trimble v. Gordon,430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), this court inEverage v. Gibson, *Page 128 372 So.2d 829 (Ala. 1979), cert. denied 445 U.S. 931,100 S.Ct. 1322, 63 L.Ed.2d 765 (1980), fashioned a third alternative by which an illegitimate child could inherit from the putative father's estate. There, this court held:
 "[T]he adjudication of paternity in a proceeding under § 26-12-1 et seq. is sufficient state expression by which to obtain legitimation of an illegitimate child in order that it may inherit from the intestate father's estate in the same manner as a legitimate child." 372 So.2d at 833.
Thus, in addition to the two traditional methods by which an illegitimate could heretofore be "legitimated" for purposes of inheritance, marriage of the parents and subsequent recognition
of the child by the father or a written declaration of paternity, signed, attested and filed with the probate judge, the court in Everage recognized "legitimation" through a "judicial determination of paternity" under the provisions of Code 1975, § 26-12-1 et seq.
It is the two-year statute of limitations set out in Code 1975, § 26-12-7, which is at issue today. Code 1975, § 26-12-7, states that paternity proceedings must be commenced within two years of the child's birth.[2] Everage expressly recognized, however, that the constitutionality of this limitation was questioned neither in the case before the bar, nor in Lalli v.Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978), a case upon which the Everage decision heavily relied. 372 So.2d at 829, n. 5.
More recently, the constitutionality of a two-year statute of limitations on paternity actions was addressed in Pickett v.Brown, 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983). In that case, the Supreme Court struck down Tennessee's two-year statute of limitations on paternity proceedings as being in violation of the equal protection clause of the Fourteenth Amendment. The rationale for this ruling was that the limitation failed to afford illegitimate children an adequate opportunity to obtain child support while failing to be substantially related to the state interest of preventing the litigation of stale or fraudulent claims. Id., 462 U.S. at 13,103 S.Ct. at 2206-07.
In light of this decision, the Alabama Court of Civil Appeals in State v. Martin, 437 So.2d 1311 (Ala.Civ.App. 1983), expressly invalidated Code 1975, § 26-12-7, as being likewise in violation of the Fourteenth Amendment. It follows that Della Rena Abrams, legitimated by means of a paternity decree before the death of her father, may not now be barred from inheriting from her father's estate based upon the application of an invalidated, and unconstitutional, statute of limitations.
This court notes that neither Pickett nor Martin concerned legitimation for purposes of inheritance, but rather, for purposes of support. Nevertheless, Everage recognized that a judgment of paternity serves the same state purpose as legitimation in establishing the right to intestate succession.Everage, 372 So.2d at 833. Thus, if Alabama's two-year statute of limitations invidiously discriminates against illegitimates for the purpose of establishing support, it likewise discriminates for purposes of establishing the right to inherit from a putative father's intestate estate. To hold otherwise would be to regress to an antiquated principle of law of whichEverage expressly disapproved. Specifically, this court announced:
 "Thus, the statement by this Court in Moore v. Terry, 220 Ala. 47, 124 So.2d 80 (1929), that a `bastard who is not legitimated may only of course inherit from his mother or her descendants, even though his paternity is satisfactorily shown,' is too broad and is expressly disapproved." 372 So.2d at 833.
We hold that in light of an earlier judicial determination of paternity, the trial court erred in finding that Code 1975, § 26-12-7, forever bars the appellant from inheriting from her father by intestate succession. To the extent which Everage v.Gibson, supra, or any other case, suggests such a *Page 129 
result, it is hereby modified. Accordingly, the judgment of the trial court is reversed, and the case remanded for action consistent with this opinion.
REVERSED AND REMANDED.
FAULKNER, ALMON and ADAMS, JJ., concur.
TORBERT, C.J., concurs specially.
[1] The legislature first expanded the limitations period to five years, see Code 1975, § 26-12-7 (Cum.Supp. 1982), and then repealed the chapter altogether in favor of the Alabama Uniform Parentage Act, Code 1975, § 26-17-1 et seq. (Cum.Supp. 1984).
[2] Code 1975, § 26-12-7, contains a "saving provision" which tolls the statute of limitations where the putative father has legally acknowledged or has supported the child.