From the trial court's judgment of paternity and its order of support, defendant appeals, primarily on the ground that plaintiff's cause of action is barred by the statute of limitations. We affirm. *Page 283 
Demetria Pogue is the illegitimate daughter of Marilyn Pogue and is a named plaintiff, together with her mother and the State of Alabama, in this paternity action against Clayton Williams for the purpose of establishing child support. The original action was brought by the State on behalf of the mother. At trial the child was added as a plaintiff. She was then eleven years old. It is her status as a plaintiff pursuant to § 26-17-6(c), Code of Alabama 1975, and the time within which she may bring suit to establish paternity and an obligation of support that are the overriding issues. Those issues are presented for the first time in our courts.
Prior to the passage of the Alabama Uniform Parentage Act, 1984 Ala. Acts 84-244, only the mother (or legal guardian) and the State could commence paternity proceedings in Alabama.See § 26-12-1, Code 1975. Actions pursuant to that section were originally limited to two years from the birth of the child by § 26-12-7. In 1981, the limitations period was extended to five years. See § 26-12-7, Code of Alabama 1975. By so doing, the Alabama legislature anticipated the case of Pickett v. Brown,462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983) (hereinafter cited as Pickett), in which the U.S. Supreme Court invalidated Tennessee's two-year paternity statute under the equal protection clause of the fourteenth amendment of the United States Constitution. In 1983, this court in State v. Martin,437 So.2d 1311 (Ala.Civ.App. 1983) [hereinafter cited asMartin], citing Pickett, supra, posthumously invalidated Alabama's two-year statute of limitations by permitting a paternity suit that otherwise would have been barred. See Tysonv. Johns-Manville Sales Corporation, 399 So.2d 263 (Ala. 1981) [hereinafter cited as Tyson].
The new act continued the five-year statute of limitations for paternity actions against presumed fathers. See §26-17-6(a), Code of Alabama 1975. In the case of illegitimate children without presumed fathers, no limitations period for bringing an action to determine paternity is prescribed in the statute. See § 26-17-6(c). The only limitation provided by the new act for bringing an action against non-presumed fathers is set out in § 26-17-8(b): "An action to determine paternity for the purposes of obtaining support shall not be brought after the child attains age 19."
The new act provides that a child may bring an action pursuant to Alabama paternity statutes. See §§ 26-17-6(a), (b), (c) and -9(c). This change as to who may sue for paternity brings Alabama law in line with a developing consensus at the state and federal levels, i.e., that the right of a child, legitimate or illegitimate, to be supported by his natural father lies in the child and an action therefor need not be brought by some intermediary party acting on his behalf — a party, that is, whose interest might conflict with that of the child. See generally Wells, Statutes of Limitations inPaternity Proceedings, 32 Am.U.L.Rev. 567, 602-6 (1983).
All minor children have a fundamental right to parental support. Gomez v. Perez, 409 U.S. 535, 93 S.Ct. 872,35 L.Ed.2d 56 (1973). In the case of the illegitimate child, however, that right is not enforceable until a determination of paternity is made. See Harris v. State, 356 So.2d 623 (Ala. 1978). The new act provides the child whose right to support is at stake with a procedural mechanism to enforce it — in his own name.
At the time this suit was filed in 1985, plaintiff-child was eleven years old. In Alabama the statute of limitations in effect at the time the suit is filed is the one that applies.Street v. City of Anniston, 381 So.2d 26 (Ala. 1980); Adams v.State, 428 So.2d 117 (Ala.Civ.App. 1983). The new act was in effect at the time this child filed suit. From the foregoing, it seems clear that plaintiff has a proper cause of action, timely filed. Defendant contends that she does not.
Of the three defenses appellant raises on appeal, only two are properly before this court. The constitutional challenge to § 26-17-6(c) of the Code is not present in the pleadings and was not raised at trial; appellate review of this issue is therefore foreclosed. King v. Reid, 428 So.2d 611 *Page 284 
(Ala. 1983). Appellant's argument that plaintiff's cause of action is barred by the equitable doctrine of laches, can also be summarily dismissed.
Since an action to establish paternity raises legal, not equitable issues, laches may not be asserted as a bar to the proceedings. Perez v. Singh, 21 Cal.App.3d 870, 97 Cal. Rptr.920 (1971). In any event, the child's right to support is deemed to be a continuing right, one that cannot become stale at least until the age of majority. See Gomez v. Perez,409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973); Chandler v.Whatley, 238 Ala. 206, 189 So. 751 (1939); Hamilton v.Hamilton, 428 So.2d 65 (Ala.Civ.App. 1983).
Appellant's primary defense is that plaintiff's cause is barred by the statute of limitations. He cites Tyson, supra, arguing that plaintiff's cause was barred before the new act became effective, and that to apply the new act retroactively to include this plaintiff would violate § 95 of the Alabama Constitution of 1901, which states: "The legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this state."
He argues that the time for the plaintiff to have brought her suit was prior to the time she reached the age of five. Not having done so, and there being a statute of limitations of five years in effect [See Martin, supra], when she turned five, her suit is barred under the rule stated in Martin, supra at 1312:
 "[I]f when the successor statute becomes effective, the cause of action has already been barred by the limitations statute in effect at accrual, then the new, longer statute cannot be applied to revive the barred cause."
The flaw in appellant's argument is in attempting to graft the principle of Tyson stated in Martin, supra, onto the facts in this case. In that case, plaintiff's remedy already existed. The new statute merely extended the length of the statutory period to sue. That cause, having lapsed under the old statute before the effective date of the new statute, precluded retroactive application of the new statute. In this case, plaintiff did not have a remedy in the paternity statutes to sue on her own behalf prior to the remedy given her in the new act.
Remedial statutes, that is, statutes relating to remedies or modes of procedure, are not within the domain of retrospective laws and do operate retroactively, absent clear language to the contrary. Jones v. Casey, 445 So.2d 873 (Ala. 1983); Harlan v.State, 31 Ala. App. 478, 18 So.2d 744 (Ala.App. 1947). Section26-17-6(c), Code of Alabama 1975, is a remedial statute, providing a procedure for the enforcement of an existing substantive right and may be applied retroactively.
That the child in the instant case was more than five years old before the effective date of the new act, does not change the fact that her right to parental support existed before it. The new act merely created a procedure to implement her preexisting substantive right. The presumption against retroactive application does not obtain in such a situation.
Finally, appellant argues that the child did have a procedural remedy to enforce her substantive right of support prior to the new act's enactment, by way of a declaratory judgment action; and that the remedy provided in the new act cannot retroactively apply to plaintiff's cause, which appellant contends would be controlled by the statute of limitations applicable to actions brought pursuant to §26-12-1, Code of Alabama 1975. We opine that a declaratory judgment action is not meant to be exclusive, and in case of conflict between it and a specific statute, the latter must prevail. See Gary v. Marquette Casualty Co., 72 So.2d 619
(La.App. 1954). An early case in Alabama held that "a statute which merely gives a remedy at law, where it could previously have been available in equity only, or vice versa, may consistently with the constitution operate retroactively." Paschall v.Whitsett, 11 Ala. 472, 478 (1847).
The legislature provided a specific procedure when it adopted the Uniform *Page 285 
Parentage Act. The possibility that a declaratory judgment action may also lie on behalf of a child seeking a paternity determination for the purposes of establishing support does not foreclose the application of § 26-17-6(c).
For the reasons given, the judgment of the Juvenile Court of Baldwin County is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.