This appeal is from a judgment of the Circuit Court of Crenshaw County, which found that Douglas Free was the illegitimate son of Roy Bell Free and that he was entitled to inherit from his intestate father's estate.
Douglas Free filed a petition in the Juvenile Court of Crenshaw County against Dorothy Free, Martha Wissler and Larry Free (defendants) to establish paternity. The juvenile court found that Douglas Free was entitled to establish his paternity by clear and convincing evidence under § 43-8-48(2)(b), Code of Alabama 1975. The court further found that Douglas Free had shown by clear and convincing evidence that he was the illegitimate son of Roy Bell Free, who died intestate, and that the son had right of inheritance from his father's estate. The defendants appealed that judgment to the circuit court. On appeal to the circuit court, the parties stipulated the accuracy of the factual findings of the juvenile court. The court thereupon entered judgment, finding Douglas Free to be the illegitimate son of Roy Bell Free with right of inheritance from his father's estate. The defendants brought this appeal.
The parties prepared an agreed statement as the record, pursuant to Rule 10(e), A.R.A.P., which sets forth the facts that are essential to a decision of the issues presented. These facts are as follows: *Page 932 
 "(a) Douglas Bernard Free claims to be the natural son and heir of Roy Bell Free, who died on June 12, 1984.
 "(b) Douglas Bernard Free was born on January 1, 1944, in Crenshaw County, Alabama, to Willie Bell Mills, and said child at birth was named Douglas Bernard Mills.
 "(c) The child was known as Douglas Bernard Mills until approximately the month of February 1960.
 "(d) The child had his name formally changed to Douglas Bernard Free by a proceeding to that effect in the Probate Court of Montgomery County, Alabama, on July 1, 1968.
 "(e) Roy Bell Free during his lifetime took no legal proceedings to legitimize Douglas Bernard Free.
 "(f) There have been no other or prior judicial proceedings of any kind to otherwise establish the paternity finding here sought."
The facts of this case are not ordinary: A forty-one-year-old man has sued to establish the paternity of a deceased intestate father and to claim right of inheritance in his estate. Defendants insist that such a claim is precluded by the holding of our supreme court in the case of Everage v. Gibson,372 So.2d 829 (Ala. 1979). That case extended the existing methods by which an illegitimate child might establish paternity and become qualified to inherit from the father's estate. The extension of the two methods of recognition by the father to a third method of adjudication of paternity by the court was, however, limited by Everage to an action brought in the lifetime of the father. It is upon that limitation that defendants primarily stand.
If it were not for the adoption of the Alabama Uniform Probate Code, particularly § 43-8-48(2)(b) thereof, and bolstered by the subsequent adoption of the Uniform Parentage Act (§§ 26-17-1 to -21, Code of Alabama 1975, effective May 7, 1984), Everage would be conclusive in this case. However, we find it not to be so.
Section 43-8-48(2)(b) is as follows:
 "(2) In cases not covered by subdivision (1) of this section, a person born out of wedlock is a child of the mother. That person is also a child of the father, if:
". . .
 "b. The paternity is established by an adjudication before the death of the father or is established thereafter by clear and convincing proof, but the paternity established under this paragraph is ineffective to qualify the father or his kindred to inherit from or through the child unless the father has openly treated the child as his, and has not refused to support the child. (Acts 1982, No. 82-399, § 2-109.)" (Emphasis ours.)
It is evident that paragraph (b) above does two things. It first codifies the holding in Everage, supra, that paternity may be established by an adjudication prior to the father's death. It also goes one step farther and permits establishment by adjudication after death of the father upon proof by clear and convincing evidence. The latter method, apparently at last, gives to the illegitimate child, having established paternity, proximate equality of inheritance rights with the legitimate child.[1] There is no statute of limitations attached to this latter method. The committee comment takes note of that fact. However, when considered in light of the general statutes applicable to determination of heirship, distribution and closing of decedent's estates, there are already limitations upon establishing paternity after the death of the father. The Alabama Uniform Parentage Act, § 26-17-8(c), specifically provides that it does "not extend the time within which a right of inheritance or a right to a succession may be asserted beyond the time provided by law. . . ."
Section 43-8-48(2)(b) was in effect at the time of the reputed father's death in this case. That section is identical to § 2-109(2) *Page 933 
of the Uniform Probate Code as adopted by other states. The courts of some of those states have construed it as we do here.In re Estate of Odom, 397 So.2d 420 (Fla.App. 1981); C.L.W. v.M.J., 254 N.W.2d 446 (N.D. 1977). To summarize our holding, by authority of § 43-8-48(2)(b), we hold that paternity may be established after the death of the father upon clear and convincing proof. The action to establish paternity may be brought within the time allowed by law to establish rights of inheritance in any case.
Defendants also contend that this action was brought under the Alabama Uniform Parentage Act, §§ 26-17-1 to -21, Code of Alabama 1975, which does not provide for such action to be brought after the death of the father. We find such contention not to be supported by the record. The trial court clearly delineated that the action was brought and considered under §43-8-48, and was supported by clear and convincing proof. We consider that proof was established upon appeal.
We do not find it appropriate in this case to determine if an action may be brought under the Alabama Uniform Child Custody Act after the death of the reputed father.
Defendants further contend that the action is barred by the two-year statute of limitations in effect at the time of the birth of the child in 1944.
This court struck down the two-year statute of limitations (§ 26-12-7, Code 1975) because of its violation of the fourteenth amendment of the United States Constitution in the case of State v. Martin, 437 So.2d 1311 (Ala.Civ.App. 1983), upon the authority of Pickett v. Brown, 462 U.S. 1,103 S.Ct. 2199, 76 L.Ed.2d 372 (1983). Our supreme court recognized and endorsed our decision in the case of Abrams v. Wheeler,468 So.2d 126 (Ala. 1985). This court, in the case of State v.Burks, 454 So.2d 1038 (Ala.Civ.App. 1984), extended State v.Martin, supra, and held that a time limitation of two years in a paternity suit was ineffective as a bar because of its invalidity under the United States Constitution. Therefore, there being no applicable time limitation in this case at the time suit was filed, it was not time barred.
The judgment below is affirmed. AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] Such a development of the law should give considerable solace to Professor Wythe Holt, the author of A Plea for Moderation ofAlabama's Harsh Treatment of Succession to Parental Property byIllegitimates, 12 Cumberland Law Rev. 27 (1981).