EDWARD N. SCRUGGS, Retired Circuit Judge.
Originally, this was an action for child support, but, since the defendant denied that he was the father of the child, the primary aspect of the litigation arises under the Alabama Uniform Parentage Act (A.U.P.A.), §§ 26-17-1 through -21, Ala. Code (1975) (1986 Repl.Vol.), to determine the existence of the father and child relationship. The child was slightly over five years of age when the case was commenced.
The' defendant moved to dismiss this action on the ground that the statute of limitations as contained in § 26-17-6(c) is unconstitutional and void. That motion was overruled by the trial court. The parties then stipulated to the facts in writing. The trial court adjudged the defendant to be the father of the child and ordered him to pay $175 per month for the child’s support. The defendant duly appealed.
*435 Three classifications are established by § 26-17-6 concerning actions to determine father and child relationships:
(a) In those instances where the man is presumed to be the father of the child under § 26-17-5(a)(l), (2), or (3) because of a marriage of the natural mother and the man, such an action may be brought within five years of the birth of the child. Ala. Code (1975), § 26-17-6(a).
The defendant does not fall within this category.
(b) Any interested party may bring an action “at any time” for the purpose of determining the existence or nonexistence of the father and child relationship which is presumed for either of two reasons: (1) because, while the child was a minor, the man received the child into his home or otherwise openly held out the child as being his natural child or (2) the man acknowledged his paternity of the child in a writing filed in accordance with the provisions of the legitimation statute. Ala.Code (1975), § 26-17-6(b).
That category does not apply to the defendant.
(c) In all cases where the child has no presumed father under either (a) or (b) above, the sole limitation is imposed upon an action to determine paternity for the purpose of obtaining support which shall not be brought after the child attains age nineteen, § 26 — 17—8(b), but § 26-17-6(c) does not prescribe any limitation period for bringing an action to determine the existence of the father and child relationship. Williams v. State, 504 So.2d 282 (Ala.Civ.App.1986). Thus, in effect, a paternity action may be instituted under § 26-17-6(c) without limitation as to time, but child support cannot be awarded thereunder if the child attained his majority before the case was started.
This paternity action falls under § 26-17-6(c) because the defendant cannot be presumed to be the child’s father under the written stipulation of facts.
The defendant argues that the statutes of limitations as they are contained in the A.U.P.A. are constitutionally infirm in that they violate the equal protection clause of the fourteenth amendment to the Constitution of the United States. He cites Eisenstadt v. Baird, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972), for the proposition that the equal protection clause requires that a statutory classification must be reasonable, not arbitrary, and that it must rest upon some ground of difference having a fair and substantial relation to the object of the legislation. In substance, he argues that, since a five-year statute of limitations applies only as to some alleged father and since there is no limit as to time as to the other fathers (among whom he is placed), the equal protection clause has been violated.
The equal protection clause does not require that all persons be treated equally, but it does mandate that all persons who are similarly situated must be treated equally with the legislature being allowed wide discretion in that respect as long as legislative enactments in that regard have some reasonable basis and are not purely arbitrary. Eagerton v. Gulas Wrestling Enterprises, 406 So.2d 366 (Ala.1981). The defendant, in attacking the legislative arrangement, bears the burden of negating every conceivable basis which might support it. Eagerton, 406 So.2d at 370. The statute of limitations provisions of the A.U. P.A. are presumed to be valid, and it is our duty to sustain them unless it is clear beyond a reasonable doubt that they violate the equal protection clause. Home Indemnity Co. v. Anders, 459 So.2d 836 (Ala.1984).
As to civil actions to establish the existence of the father and child relationship, those cases which are marriage-presumption-based have a five-year statute of limitations while cases which arise under either of the other two categories have no time limitation as to the commencement of such an action. All cases to determine paternity for the purpose of obtaining child support must be commenced during the child’s minority, § 26 — 17—8(b), regardless of whether it is based upon a marriage presumption or otherwise.
It would be rare for a child who is covered by a marriage presumption as to paternity to be ignorant as to the identity *436 of his presumed father. However, as to a child whose situation falls under the other two categories, the child, because of the circumstances, is much more likely to be unaware of the identity of his father, and it is more probable that such a child might not have any reasonable grounds for knowing who fathered him even until after the child has reached the age of majority. Nevertheless, even an adult would have an interest in an adjudication of paternity for inheritance purposes, for obtaining knowledge of his heritage, and in order to have an accurate medical family history. Ex parte Snow, 508 So.2d 266 (Ala.1987).
Consequently, for the above reason alone, to make a statute of limitations distinction based on the marriage presumption as enumerated by § 26-17-5(a)(l), (2), and (3) is logical and rational. Such a distinction is substantially related to the protection of the parent and child relationship which is one of the primary purposes of the A.U.P.A. All cases which arise under the presumption of the existence of the parent/child relationship which results from a marriage are treated the same in that the five-year statute of limitations applies to each of them. All cases arising from the other two categories have no statute of limitations and are treated alike.
Accordingly, the statute of limitations provisions in the A.U.P.A. do not violate the equal protection clause. The trial court properly overruled the defendant’s motion to dismiss.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.
HOLMES, J., concurs in the result.