J. ED TEASE, Retired Circuit Judge.
After judgment of paternity entered on jury verdict and subsequent order of support, putative father appeals.
The three issues presented by appellant’s brief are as follows: (1) Whether the trial court erred in failing to dismiss the action due to the statute of limitations or the doctrine of laches; (2) Whether the evidence presented was sufficient to permit the jury to find the defendant to be the father; (3) Whether there is reversible error in that the certified record on appeal fails to reflect testimony of a witness.
The testimony reflected that the child in question was born on February 7, 1971. The mother testified to having repeated sexual encounters with only appellant during April, May and June of 1970. Appellant denied having intercourse with the mother during the time of conception but admitted to such a relationship several months earlier. The expert testimony offered as to the results of blood testing done on the mother, child, and appellant established the probability of appellant’s paternity at 99.98%. Conflicting testimony was offered as to the extent of appellant’s contact with the child over the years preceding the filing of the paternity action.
As to the issues of laches and limitation of actions, appellant candidly admits that “the existing law is arrayed against” him, but urges us to reconsider such law as expressed in Williams v. State, 504 So.2d 282 (Ala.Civ.App.1986). However, nothing is presented to us by way of fact or law that would lead us to a result fundamentally different from that reached in Williams, supra. In that case we clearly held that the only limitation provided by the Uniform Parentage Act, 1984 Ala.Acts 84-244, for bringing an action against nonpresumed fathers is set out in section 26-17-8(b): “An action to determine paternity for the purposes of obtaining support shall not be brought after the child attains age 19.” In our case, the fifteen-year-old child, being a proper party plaintiff, was well within the statute of limitations.
Although no authority was cited by appellant on the applicability of the defense of laches, the question was again answered with our statement in Williams, supra:
“Appellant’s argument that plaintiff’s cause of action is barred by the equitable doctrine of laches can also be summarily dismissed.
“Since an action to establish paternity raises legal, not equitable issues, laches may not be asserted as a bar to the proceedings. Perez v. Singh, 21 Cal. App.3d 870, 97 Cal.Rptr. 920 (1971). In any event, the child’s right to support is deemed to be a continuing right, one that cannot become stale at least until the age of majority. See Gomez v. Perez, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973); Chandler v. Whatley, 238 Ala. 206, 189 So. 751 (1939); Hamilton v. Hamilton, 428 So.2d 65 (Ala.Civ.App. 1983).”
Appellant next asserts that the appellees failed to meet their burden of proof before the jury.
In paternity cases, as in most jury cases, the weight of the evidence, the credibility of the witnesses, and the inferences to be drawn from the evidence are for the jury to determine. Mitchell v. State, 450 *568 So.2d 140 (Ala.Civ.App.1984); Walker v. State, 416 So.2d 1083 (Ala.Crim.App.1982).
We find that the evidence before the jury was more than ample to support its verdict.
La§tly, appellant contends that the judgment of the trial court should be reversed because the record on appeal fails to include the testimony of the witness Kathryn McDaniel taken on written interrogatories. Page 62 of the court reporter’s transcript reveals the following:
“MR. WERDEHOFF: Your Honor, we took a deposition on written interrogatories which I would like to have read at this time, and I believe my reader is outside, if I might.
“THE COURT: All right.
“(Whereupon, the questions and answers of the interrogatories of Kathryn McDaniel were read into the record.)”
It is unexplained as to why the questions and answers of the witness are not included in the record before us.
Again, appellant cites no case authority to support his contention. Neither does it appear that he pursued his remedy to correct the record as provided by Rule 10(f), Alabama Rules of Appellate Procedure.
Moreover, it is the duty of the appellant and his attorney to insure the correctness of the record on appeal, Hollins v. State, 415 So.2d 1249 (Ala.Crim.App.1982), and to see that it contains evidence sufficient to warrant reversal. Trimble v. City of Prichard, 438 So.2d 745 (Ala.1983).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge J. ED TEASE while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.