ROBERTSON, Presiding Judge.
On September 28, 1988, Mary Alice Bar-wick filed a complaint for the sale of cer *627 tain real estate and a division of the proceeds. Barwick’s complaint alleged that she and the defendants were joint owners of certain property and that the only way that their interests in the real estate could be equitably divided was pursuant to a court-ordered sale and division.
Defendants responded in their answer that Barwick had no valid legal interest in the land and that she was not the daughter of A.B. Bennett, who died intestate in 1966 and who was the predecessor in title to the land that Barwick sought to have sold and divided.
Following a hearing at which evidence was presented ore tenus, the trial court entered an order in which it found that the case of Cotton v. Terry, 495 So.2d 1077 (Ala.Civ.App.1986), was controlling and that Barwick was the daughter of A.B. Bennett. The defendants then moved for an order for entry of a final judgment on this issue, which was granted by the trial court. This appeal followed.
The defendants do not question on appeal the sufficiency of the evidence before the trial court upon which it based its finding that Barwick is the daughter of A.B. Bennett; therefore, that issue is not before this court. The issues raised by defendants are whether a legislative enactment can revive an action which had previously become barred by the lapse of time and whether Cotton is controlling.
The Alabama Uniform Probate Code, which was adopted in 1982, changed the existing law pertaining to an adjudication of paternity for purposes of inheritance. Pursuant to § 43-8-48, Code 1975:
“If, for purposes of intestate succession, a relationship of parent and child must be established to determine succession by, through, or from a person:
[[Image here]]
“(2) ... [A] person born out of wedlock is a child of the mother. That person is also child of the father, if:
[[Image here]]
“b. The paternity is established by an adjudication before the death of the father or is established thereafter by clear and convincing proof....”
However, this Code section was not in existence at the time of Mr. Bennett’s death. Instead, the law of the state in 1966 was that an adjudication of paternity could not be made following the death of the alleged father. § 26-12-7, Code 1975 (repealed 1984, Act No. 84-244); see Everage v. Gibson, 372 So.2d 829 (Ala.1979), cert. denied, 445 U.S. 931, 100 S.Ct. 1322, 63 L.Ed.2d 765 (1980).
Generally, new statutes will not be interpreted to have retrospective effect unless the statutory language indicates that the legislature so intended. Street v. City of Anniston, 381 So.2d 26 (Ala.1980). Remedial statutes do operate retrospectively, unless statutory language clearly shows a contrary legislative intent. Street. Further, statutes of limitations are generally viewed as remedial, and it is the statute of limitations in effect at the time of the suit’s filing, not at the time the action accrued, that applies absent statutory language to the contrary. Street.
Further, in the case of Free v. Free, 507 So.2d 930 (Ala.Civ.App.1986), which considered the applicability of a statute of limitations to a paternity action, the court held that “there being no applicable time limitation in this case at the time suit was filed, it was not time barred.” Free at 933.
We also note that our supreme court has recently addressed Cotton in its own case of Stone v. Gulf American Fire & Casualty Co., 554 So.2d 346 (Ala.1989), cert. denied, sub nom. Williams v. Stone, — U.S.-, 110 S.Ct. 3229, 110 L.Ed.2d 676 (1990). In Stone the court noted:
“[I]n Cotton, as in the present case, the law at the time of the alleged father’s death would not have recognized the child as an heir. Even so, this Court did not apply an unconstitutional law to the parties, but, rather, applied the law as it existed at the time of the appeal.... Again, in Free v. Free, 507 So.2d 930 (Ala.Civ.App.1986), an illegitimate child brought an action under § 43-8-48(2)(b), not only after the death of the father, but also 20 years after the child had reached the age of majority. *628 Despite the arguments by the legitimate heirs, the Court of Civil Appeals refused to apply the law in effect at the time of the death of the father or at the time of the birth of the child because that law had since been found unconstitutional.”
Stone at 368.
Thus, we conclude that the trial court’s judgment is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.