Roger Dan Carr appeals from a summary judgment entered by the Etowah County Circuit Court in his paternity action against Joel Osborn. We affirm in part, reverse in part, and remand.
Carr filed this action in August 1998. His "complaint for declaratory judgment" alleged that he had been born on February 13, 1951, to an unmarried woman; that he had been told by his mother that Osborn was his father, but that Osborn had denied being his father; and that a justiciable *Page 1206 
controversy existed between him and Osborn concerning whether Osborn was his father. Carr sought a declaration that Osborn was his father and that Osborn had owed a duty of support to him during his minority, and also requested a retroactive monetary-support award. Osborn filed a motion to dismiss, alleging that the complaint failed to state a claim upon which relief could be granted and that the applicable limitations period had expired with respect to the claims stated in the complaint.
However, before Osborn's motion to dismiss was ruled upon, Osborn filed a motion for a summary judgment. In his motion, Osborn contended that all claims for retroactive support were barred by §§ 26-17-8(b) and 30-3-111, Ala. Code 1975, and that Carr had no standing to seek a declaration of paternity for purposes of heirship because Osborn had executed a will specifically disinheriting Carr. Carr responded by contending, among other things, that his delay in discovering Osborn's alleged paternity excused his delay in filing the action; that no statute of limitations barred his action to establish Osborn's paternity; and that he had "a valid and real medical reason to establish paternity" in that DNA information he might obtain "could affect his life or the life of his offspring." The trial court, after a hearing, entered a summary judgment in favor of Osborn on all claims, and denied Carr's subsequent Rule 59, Ala.R.Civ.P., postjudgment motion.
Carr appealed from the trial court's judgment to the Alabama Supreme Court. That court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
On appeal, Carr has conceded that his claim for retroactive child support, which was brought many years after he reached the age of majority, may not be maintained. To that extent, the summary judgment as to the issue of Carr's entitlement to retroactive child support is affirmed on the authority ofThompson v. United Cos. Lending Corp., 699 So.2d 169, 171
(Ala.Civ.App. 1997) (citing Leisure Am. Resorts, Inc. v. Knutilla,547 So.2d 424, 425 n. 2 (Ala. 1989)); see also Rule 28(a)(5), Ala.R.App.P.
The sole question presented in this appeal is whether,as a matter of law (see Rule 56(c)(3), Ala.R.Civ.P.), an action, brought by a person claiming to be the child of a putative father, that seeks to establish, during the putative father's lifetime, that the putative father is the biological father of that person, is barred by either (1) a statute of limitations, or (2) the putative father's execution of a will disinheriting that person.
Our analysis begins with an examination of Alabama statutes governing paternity actions. Under former statutes, an action to determine the paternity of a child was required to be brought within two years of the child's birth, unless the father had legally acknowledged or supported the child. Section 26-12-7, Ala. Code 1975 (repealed). The two-year limitations period was explicitly held by the Alabama Supreme Court to be an unconstitutional denial of equal protection in Abrams v. Wheeler,468 So.2d 126 (Ala. 1985), although the Abrams court indicated that its holding had been foreshadowed two years before by that of the U.S. Supreme Court in Pickett v. Brown, 462 U.S. 1 (1983), invalidating Tennessee's two-year limitations period.
In 1984, the legislature repealed all of Chapter 12 of Title 26, Ala. Code 1975, which had dealt with births out of wedlock, and replaced it with the Alabama Uniform Parentage Act (AUPA), a version of the Uniform Parentage Act (UPA) that had been proposed by the National Conference of Commissioners of Uniform State Laws in 1973. In doing so, the legislature departed from the UPA in a number of instances. Notably, Section 6(c) of the UPA specifies that an action to determine the existence of a father/child relationship may be brought by the child, the child's mother, or the child's personal representative. *Page 1207 
That section also appears in the AUPA. See § 26-17-6(c), Ala. Code 1975. However, Section 7 of the UPA provides that "an action brought by or on behalf of a child whose paternity has not been determined is not barred until three years after the child reaches majority." In contrast, the AUPA omits that provision, but instead provides that "[a]n action to determine paternityfor the purposes of obtaining support shall not be brought after the child attains age 19." § 26-17-8(b), Ala. Code 1975 (emphasis added).
Construing that difference between the UPA and the AUPA, this court, in Thomas v. State ex rel. Williams, 523 So.2d 434
(Ala.Civ.App. 1988), reasoned:
 "In all cases where the child has no presumed father. . . the sole limitation is imposed upon an action to determine paternity for the purpose of obtaining support which shall not be brought after the child attains age nineteen, § 26-17-8(b), but § 26-17-6(c) does not prescribe any limitation period for bringing an action to determine the existence of the father and child relationship. Williams v. State, 504 So.2d 282
(Ala.Civ.App. 1986). Thus, in effect, a paternity action may be instituted under § 26-17-6(c) without limitation as to time, but child support cannot be awarded thereunder if the child attained his majority before the case was started."
523 So.2d at 435. Here, as in Thomas, the party seeking a determination of paternity has no presumed father under the AUPA; thus, no statute of limitations prevents Carr from obtaining a judicial declaration of paternity, although § 26-17-8 does prevent him from recovering the retroactive child support that he had also sought in his complaint.
Seizing upon Carr's demand for retroactive support, Osborn contends that Carr's "true motivation for instituting this action was to recover money," and intimates that Carr's professed desire to know his heritage and potential hereditary medical problems (which first appeared in his opposition to Osborn's summary-judgment motion) would not constitute a legitimate basis for a paternity judgment. However, we have noted that "even an adult would have an interest in an adjudication of paternity for inheritance purposes, for obtaining knowledge of his heritage, and in order to have an accurate family medical history." Thomas, 523 So.2d at 436 (citing Ex parte Snow, 508 So.2d 266 (Ala. 1987));see also State ex rel. G.J. v. W.J., 622 So.2d 353, 358
(Ala.Civ.App. 1992) (Robertson, P.J., dissenting) ("Because of modern medical advancements, it is very important for the child to know now and as an adult whether the child's biological father has any health problems that could be hereditary." (emphasis added)),aff'd, 622 So.2d 358 (Ala. 1993).[1] Consequently, even in the absence of the potential of monetary relief against a putative father, an adult such as Carr may have legitimate reasons for filing a paternity action against his or her putative father that have nothing to do with money.[2]
Moreover, we cannot agree with Osborn that his execution of a will, in and of itself, would defeat Carr's inheritance rights, if indeed Carr has any. It is well settled that rights under a will become *Page 1208 
fixed only upon the death of the testator, and that a will is ineffective and cannot be taken notice of or given effect until probated. See Hollis v. Wallace, 481 So.2d 875, 877
(Ala. 1985); Davis v. Townsend, 435 So.2d 1280, 1282 (Ala. 1983). It remains to be seen whether Osborn's will will be revoked before his death, or whether it will be admitted to probate after his death. See § 43-8-136, Ala. Code 1975 (revocation); § 43-8-161
(time limit for probate of will); § 43-8-190 et seq. (contest of validity of will).
In light of the foregoing authorities, we conclude that the trial court erred in entering the summary judgment in favor of Osborn as to Carr's request for a judicial declaration that Osborn is his father. That portion of its judgment is due to be, and is hereby, reversed, and the cause remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.
[1] We note that under Alabama probate law, a person born out of wedlock may, for purposes of intestate succession, be deemed a child of a particular father if "paternity is established by an adjudication before the death of the father or is establishedthereafter by clear and convincing proof." § 43-8-48(2), Ala. Code 1975 (emphasis added).
[2] It is precisely because a child holds such distinct and personal interests, both monetary and nonmonetary, in an adjudication of paternity that the Alabama Supreme Court concluded in Snow that a child who had brought a paternity action against her putative father was not in privity with the child's mother such that the child's action would be barred by the mother's earlier, unsuccessful paternity action against the putative father where the child was not made a party nor otherwise represented in the earlier action. 508 So.2d at 268.