MONROE, Judge.
The State of Alabama appeals from an order dismissing its paternity and child-support action against R.D. (“the putative father”).
On April 2, 1998, the State filed this paternity and child-support action on behalf of J.M.W. (“the mother”). The child, C.A.W., was born May 18, 1980. In June 1998, the trial court appointed a guardian ad litem to represent the child.
In July 1998, the putative father moved to dismiss the action on the grounds that it was barred by the doctrine of res judicata. He filed documents showing that in January 1982 the State had filed on behalf of the mother a paternity action against him; that the parties had reached a settlement in that action and the State had moved to dismiss it; and that in January 1983 the court had dismissed it with prejudice.
In August 1998, the State moved to amend its complaint to add the child “as [a] party plaintiff and [as] the real party in interest” because, it said, the putative father is the child’s biological father and owes a duty of support to the child. The motion requested that the trial court adjudicate the paternity of the child and order the putative father to pay child support. In September 1998, the trial court granted the motion to add the child as a plaintiff.
In December 1998, the putative father filed a second motion to dismiss, again contending that the action was barred by the doctrine of res judicata and arguing also that it was barred by the applicable statute of limitations. In September 1999, the trial court granted the motion to dismiss:
“[The action was dismissed] upon it being shown to the court that the said [child] was born 5/13/80 and further that a dismissal with prejudice was entered in this cause on 1/24/83 by the Honorable Sandra H. Ross. The court finds the matters herein have been rendered res judicata and further that the statute of limitations has barred the State from prosecuting the present action.”
The State moved to alter, amend, or vacate the September 1999 judgment of dismissal. The trial court denied the motion and this appeal followed.
The State says in its brief, “The State acknowledges that the mother is barred' from initiating this action based upon the doctrine of res judicata.” It contends, however, that in light of Ex parte Snow, 508 So.2d 266 (Ala.1987), the doctrine of res judicata does not bar a paternity action by the child under the Alabama Uniform Parentage Act (§§ 26-17-1 through -22, Ala.Code 1975).
In Snow, our supreme court determined that the mother and the child were not substantially identical parties because the child’s interests in establishing the existence of the father/child relationship differ from the interests of the mother in bringing a paternity action. Our supreme court stated that the doctrine of res judica-ta did not apply to bar the child’s action because the third element — substantial identity of parties — was missing. Thus, while the mother’s paternity action was barred by the doctrine of res judicata, the child’s action was not.
The trial court also held that this present action was barred by the statute of limitations. In Thomas v. State ex rel. Williams, 523 So.2d 434, 435 (Ala.Civ.App.1988), this court stated:
“[T]he sole limitation ... imposed upon an action to determine paternity for the purpose of obtaining support [is that such action] shall not be brought after the child attains age nineteen, § 26-17-8(b), but § 26-17-6(c) does not prescribe any limitation period for bringing an action to determine the existence of the father and child relationship. Williams v. State, 504 So.2d 282 (Ala.Civ.App.1986). Thus, in effect, a paternity action may be instituted under § 26-17-6(c) *338 without limitation as to time, but child support cannot be awarded thereunder if the child attained his majority before the case was started.”
(Emphasis added.)
In April 1998, the State, on behalf of the mother, filed this paternity and child-support action. In September 1998, the trial court granted the motion to amend the complaint to add the child “as party plaintiff and the real party in interest.” On May 13, 1999, the child attained the age of majority (19 years). Therefore, the child’s action, which was initiated before the child attained the age of majority, was not barred by the statute of limitations.
The judgment of dismissal is affirmed insofar as it related to claims presented by the mother. It is reversed insofar as it related to claims by the child. The cause is remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ„ concur.